## W. S. JENKINS v. MOSIER S. GREEN, *et al.*

SALE OF REAL ESTATE; *Surplus of Purchase-Money.* Where an execution issued on a simple money judgment is levied on certain real estate, subject to a prior mortgage, and the notice of sale specifies that the property is to be sold subject to said mortgage, the purchaser takes the property subject to the mortgage; and the surplus of the purchase-price after paying the judgment and costs, is to be returned to the judgment debtor, and not paid over to the mortgagees.

*Error from Sedgwick District Court.*

DEFENDANTS in error obtained judgment against the plaintiff in error, *Jenkins,* in two suits before a justice of the peace, filed transcripts thereof in the district court, caused executions to be issued thereon, and levied upon certain real estate belonging to the plaintiff in error. The sheriff in his return said that he levied the executions subject to a mortgage made by plaintiff in error to H. G. Rose and B. H. Steadman. In the notice of sale which he published he said that he would sell subject to said mortgage, and in his return of the executions he said that he sold in accordance with the notice. At the May Term, 1878, of the district court, the plaintiffs in the court below filed their motion to confirm the sale, and asked that the proceeds of the sale be applied, first, to pay costs; second, to pay their judgments; third, to pay

the mortgage lien; fourth, the remainder, if any, to be paid to the plaintiff in error. The defendant in the court below, plaintiff here, also filed his motion for a confirmation of the sale, and asked an application of the proceeds of the sale, as follows: First, payment of the judgments and costs; second, payment of the remainder to the plaintiff in error. The court confirmed the sale, and ordered an application of the proceeds, as follows: First, to pay the costs; second, to pay the judgments of the defendants in error; third, to pay off the mortgage; fourth, the remainder, if any, to be paid to the plaintiff in error. Of this application of a part of the proceeds of said sale to the payment of the mortgage, *Jenkins* complains, and brings the case here for review.

*Guthrie & Brown,* and *Geo. H. English,* for plaintiff in error:

The court will observe that the mortgagees were not before the court below, and that it therefore could not in any manner pass upon their rights. They were not there asking any relief, and for aught the court knew might never ask any. Nor could plaintiff in error, in such proceeding, show his defenses to the mortgage or debt intended to be secured. Section 443 of the civil code provides that "Lands, tenements, goods and chattels of the debtor . . . . shall be subject to the payment of his debts, and shall be liable to execution." Notwithstanding this property was subject to a mortgage, it was the property of the judgment debtor, and liable to execution. It was sold under the execution, and both parties ratified the sale by asking confirmation. The sheriff was attorney or agent for both the debtor and creditor in making the sale. (Rorer on Judicial Sales, 599.) What is sold on execution is determined by the levy. (Herman on Ex. 370; 44 N. H. 48.) Selling subject to a mortgage, the purchaser buys only such interest as the mortgagor has. (Herman on Ex. 355; 6 Dana, 402; 1 Green Ch. 348; 44 N. H. 288; 19 N. H. 168; 10 Mass. 421; 1 Dev. & B. Ch. 613; Hopk. Ch. 88.) The terms and description of the advertisement bind the purchaser and the seller. (Rorer on Judicial Sales,

700.) In purchasing subject to a mortgage, selling makes the amount due on the mortgage a part of the purchase-money. The land cannot be kept and the debtor be compelled to twice pay the mortgage. (Rorer on Judicial Sales, 464; 53 Pa. St. 348; 1 Rawle, 163; 7 W. & S. 162; 8 Watts, 280; 5 Barb. 168; 7 Harris, 424.) There cannot be an application of the proceeds of a sale of land unless the sale divested the lien *pro tanto* upon which application is made. (76 Pa. St. 82.) There cannot be an application of the proceeds only upon writs in the officer's hands. It would seem strange, indeed, if the court could, without having all the parties before it, apply the proceeds of a sheriff's sale to parties not before it, and require the sheriff to hold them for the benefit of those parties. They may never call for the proceeds. They have not yet called for them, nor sought the aid of the court in any manner.

*Sluss & Hatton*, for defendants in error:

The record shows that the real estate belonging to the plaintiff in error is worth $2,000. He does not claim that it is worth more. He had incumbered it, and owed thereon $1,545. He owed upon the executions issued in this case, including costs, $250, making in all about $1,800 that he owed upon this property. It was sold for $1,500. He now seeks to get $1,250 of said sum, and to compel defendants in error to pay off this mortgage debt, that he may make at least $1,200 and have his debts paid.

It is not claimed that Jenkins is injured by the order of the court below. The appraisement, being part of the record, shows the actual value of the property. The motion on which the order of the court was based was in writing, setting forth the grounds. Jenkins appeared, and contested the motion. If he had any defense or set-off to the Rose and Steadman mortgage, good faith required him to make it known to the court and ask for time necessary to establish his defense, but he having no reason why the mortgage should not be paid, had no occasion to ask for time.

The fact that the sheriff made his levy "subject to a mortgage," does not affect the question. That would be the legal effect of the levy and sale anyhow, if nothing had been said about the mortgage in the levy or notice. The property was appraised at its value, regardless of the mortgage, as it must be under our statutes, and it was sold according to that appraisement, regardless of the statement in the notice that it was to be sold "subject to a mortgage." At most, this statement in the notice was an irregularity, of which Jenkins could have complained if it in fact worked an injury to the sale. Under § 443 of the code, and of § 1, ch. 104 of Gen. Stat., this property as it stood, with the mortgage upon it, could be taken and sold on execution. To be "taken on execution" involves the right to have it levied upon, appraised and sold. The appraisement, and consequently the sale, must be with reference to the actual value of the property, regardless of the condition of the title. The court has control of the proceedings in making the sale, and of the application of the proceeds. This power is inherent in the court. Now if Jenkins had no title or interest in the property, what claim could he have to any of the proceeds? If he had an interest which could be ascertained, what claim could he have on the proceeds except in proportion to the value of the interest, less the amount of the execution? If the court upon investigation, on the return of the execution, and to which investigation he was a party, should find that he had no interest, and thereupon should order that no part of the proceeds be paid to him, could he complain? No man has a legal right to anything not his own. So, if the court should find he had an interest, and ascertain his interest, and order him to be paid out of the proceeds in proportion to his interest, less the amount of the execution, could he complain? He gets all that is his own. In this case, all the interest plaintiff in error had in the proceeds of the sale was what was left after satisfying the Rose and Steadman mortgage. If these proceeds are applied to the payment of the mortgage, it thereby pays Jenkins's debt, *pro tanto* at least, and he cannot be com-

pelled to pay it again. Jenkins cannot complain that Rose and Steadman are not parties to this case or motion. He could have set up any defense he had to this claim, just as if they were parties.

None of the facts set forth in our motion were denied; they were all admitted; but it was and is contended that, notwithstanding these facts, plaintiff in error has the right to $1,200, which in justice does not belong to him.

There being no statute prohibiting it, "equity and good conscience" constrained the court below to make the order which it did, in view of all the facts and circumstances before it. We insist that by the order complained of, no substantial right of Jenkins is shown to be invaded, and no good reason is shown why that order should be set aside. If, as seems to be feared by plaintiff in error, Rose and Steadman may never call for the money, but proceed against him for it, the court below on a proper showing could, and doubtless would, make such further order in the premises as would be just to all parties.

The opinion of the court was delivered by

BREWER, J.: Defendants in error obtained judgment against the plaintiff in error in two suits before a justice of the peace, filed transcripts thereof in the district court, caused executions to be issued thereon, and levied upon certain real estate. The return of the sheriff shows that he made the levy on said real estate subject to a certain mortgage of prior date; the advertisement specifies that the property is to be sold subject to said mortgage; while on the other hand, the appraisement is silent as to any mortgage, and simply names the property; and the sheriff's return, after stating the advertisement of sale, reports that he sold "said property." Both plaintiffs and defendant made motions to confirm the sale, and the sale was confirmed. And the question now before us is, as to the disposition of the proceeds. The court ordered them applied in satisfaction, first, of the costs; second, of the judgment; third, of the

mortgage; and the surplus, if any, to be paid to the defend-
ant. To this defendant objected, and moved the court to
have the surplus, after payment of the judgment, returned to
him.

Whatever may be the hardship in this particular case,
there was manifest error in the ruling of the court. This
was a simple execution to enforce a money judgment, and
the officer, after paying the judgment, was bound to return
the balance to the defendant in the execution. The statute
in plainest language commands this. (Gen. Stat., p. 719,
§ 466.) A failure to do this is ground of amercement.
(Gen. Stat. p. 722, § 472.) The mortgagees were not parties
to the actions, nor named in the execution. No order of the
court could bind them, or affect their rights. The inconsist-
ency of the court's ruling is plain, for according to the re-
turn the mortgage was prior to the judgment, yet the court
orders the judgment first paid. If it could, without the
presence of the mortgagees, bind them by an adjudication of
the amount due on the mortgage, it might find nothing due,
and they would be cut off from all lien on the premises with-
out a day in court. But where the property is levied on and
sold subject to a mortgage, the purchaser takes it subject to
the mortgage. The levy determines the sale, and nothing
passes by the sale which is not taken under the levy. See
authorities cited by plaintiff in error.

Provision is made for the sale of the mortgagor's interest
where only that interest is sought to be appraised and sold.
(Gen. Stat., p. 726, §§ 491 and 492). No such proceeding
was had. The real estate was seized and sold. It was
seized and sold subject to the mortgage, and the purchaser
took it subject to the mortgage. The mortgagees were not
in court—were asking nothing. Doubtless, if they had
come into court and prayed for the surplus proceeds, it
would have availed nothing, for the sale was made subject
to their mortgage.

The order of the district court will be reversed, and the

case remanded with instructions to proceed in accordance with the views herein expressed.

All the Justices concurring.