R. D. TUCKER, AND M. E. LARKIN, *as Sheriff of Atchison County, Kansas,* v. ROBERT MCCRIE.

### No. 476.*

PRACTICE— *Sheriff's Sale on Execution—Disposition of Surplus.* Where an execution issued on a simple money judgment is levied on real estate as the property of the execution debtor, subject to a prior mortgage, the purchaser takes the property subject to the mortgage and subject to any other existing lien of which he has notice. The surplus of the purchase price, after paying the judgment and costs, must be returned to the execution debtor. It is error for the trial court, upon proceedings for a confirmation of such sale, to order that the surplus be paid to the purchaser, although it be shown that since the execution sale such purchaser has become the assignee of an outstanding equitable mortgage on such premises.

Error from Atchison district court; W. D. WEBB, judge. Opinion filed December 15, 1898. Reversed.

*Henry Elliston,* for plaintiffs in error.

*A. F. Martin,* for defendant in error.

*Petition for order to certify denied by supreme court January 7, 1899.—REP.

Tucker v. McCrie.

The opinion of the court was delivered by

McElroy, J. : The defendant in error, Robert Mc-
Crie, on May 3, 1894, recovered a money judgment
against R. D. Tucker.    Afterward he caused execution
to be levied on the south half of the northwest quarter
of section 17, township 6, range 18, in Atchison
county, as the property of Tucker, subject to a mort-
gage of $1500 held by R. A. Park.    At the execution
sale McCrie purchased the premises for the sum of
$834, which he paid to the sheriff.    After satisfying
the execution, there remained in the hands of the
sheriff $292.86.    Motions for the confirmation of the
sale were filed by McCrie, Sheriff Larkin, and Tucker.
The sale was confirmed and the court ordered the sur-
plus in the hands of the sheriff to be paid to McCrie.
A motion for a new trial was overruled, and the case
is brought to this court for review.

The only question presented is on the order of the
trial court in directing the surplus in the hands of the
sheriff to be paid to McCrie.    The record discloses
that Tucker, the defendant in the execution, was the
owner of the legal title to the lands, and that on Octo-
ber 9, 1889, he executed to C. H. Ellsworth an instru-
ment in writing, in effect an equitable  mortgage.
This instrument was filed for record, and McCrie had
actual notice thereof at the time of his purchase at
the execution sale.    Prior to the confirmation of the
sale McCrie procured from Ellsworth, in consideration
of $1100, a quitclaim deed to the premises.    The de-
fendant in error contends that Ellsworth had a valid
subsisting claim, secured by an equitable mortgage ;
that he could abandon his lien and pursue his personal
remedy ; that McCrie, as assignee of Tucker, succeeded
to all his rights ; and that therefore the only question

in this case is one of practice. Can this surplus be subjected to the payment of the Ellsworth claim in the hands of McCrie by motion in the original case?

It appears to us wholly unnecessary to theorize as to what were the legal rights and remedies of the mortgagee or his assignee. There was no sufficient proceeding had or pending in the trial court on which to base a judgment on the Ellsworth claim against Tucker. All the parties to this action asked for a confirmation of the sale. The sheriff satisfied the writ of execution, with interest and costs. What more could McCrie demand? It then became the duty of the sheriff, on demand, to pay the surplus to the defendant in the execution. (*Jenkins v. Green,* 22 Kan. 562.)

" If on any sale made as aforesaid there shall be in the hands of the sheriff or other officer more money than is sufficient to satisfy the writ or writs of execution, with interest and costs, the sheriff or other officer shall on demand pay the balance to the defendant in execution or his legal representatives.'' (Gen. Stat. 1889, ¶ 4564; Gen. Stat. 1897, ch. 95, § 469.)

The judgment must be reversed, and, as there is no controversy on the facts in the case, the trial court will be directed to order that the surplus in the hands of the sheriff be paid to the defendant Tucker.