MARZIOU *et al. v.* PIOCHE *et al.*

Where a reference is had to take an account, it is within the discretion of the referees to open the case, after it has been once closed, for the purpose of receiving additional testimony. The exercise of such discretion, except in case of gross abuse, will not be reviewed on appeal.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

The facts of this case are reported in 8 Cal., 522. By the decision of the Supreme Court, rendered at the October Term, 1857, this case was remanded to the Court below, for the purpose of having an account taken. In the decision made upon a petition for re-hearing, at the January Term, 1858, the Court said that, "in taking the account, all the evidence contained in the transcript, so far as it goes, will be legitimate." When the case was remitted to the Court below, an order was entered by that Court, referring the case to referees, to take the account, in accordance with the opinion of this Court. The plaintiffs' counsel then obtained leave to withdraw the transcript used on appeal, from the files of this Court, to be used before the ref-

35

erees. The transcript was accordingly withdrawn, and the evidence contained in it introduced before the referees. After the case was closed, upon application of the plaintiffs' counsel, the referees allowed the case to be opened, for the purpose of taking additional testimony. Notice of taking such additional testimony was given to the counsel of the defendants.

The referees rendered their report, which was confirmed. The material exceptions to the report were based upon the admission of the transcript, and the re-opening of the case after it was once closed. The exceptions were overruled, and the defendants appealed.

*Felton, Pringle, and Parsons,* for Appellants.

*Gregory Yale* for Respondents.

Field, J., delivered the opinion of the Court—Terry, C. J., and Baldwin, J., concurring.

By the decision rendered at the October Term, 1857, this case was remanded to the Court below, for the purpose of having an account taken, so as to ascertain the amount for which plaintiffs were entitled to judgment; and, by the decision made upon the petition for re-hearing, at the January Term, it was held that, in taking the account, the evidence contained in the transcript could be used. This ruling answers the objection of the appellants to the admission, before the referees, of the transcript. The case was sent back, not for a new trial on its merits, but for the single purpose of taking the account, in accordance with the views expressed in the opinion of this Court; and, for that purpose, it was entirely unnecessary to subject the parties to the labor of retaking anew their entire testimony. It was the intention of this Court to give to both parties the benefit of the evidence already reduced to writing, and, at the same time, to allow them, in making up the account, to introduce adtional evidence, if they so desired.

It was within the discretion of the referees to open the case, after it had been once closed, for the purpose of receiving additional testimony. The exercise of such discretion, except in case of gross abuse, will not be reviewed on appeal.

Judgment affirmed.