## SOULE v. RITTER et al.

The doctrine of previous decisions as to the conclusiveness, on a second appeal, of a decision upon points of law made by this Court in the same case on a former appeal, recognized and applied.

In the opinion upon a former appeal of the case at bar, the Supreme Court used the following language : "If the contractors did the work (meaning certain extra work) with the knowledge of Ritter, and after Ritter's mortgage, and Ritter interposed no objection, then we think, under the contract between Howard, Miller and Dawes, it would, in equity, be a charge upon the mortgaged property. Otherwise, it would not," and reversed the judgment, and remanded the cause "for the purpose of determining this sole question according to the principles of this opinion." Held, that on the second trial, the knowledge of Ritter was a fact to be litigated and determined, as well as whether or not he interposed objections.

And it further appearing that this Court had before it, on the former appeal, all facts necessary to determine the question of constructive knowledge on the part of Ritter: Held, that the question for determination upon the new trial awarded was as to his (Ritter's) actual knowledge.

Appeal from the Fourth Judicial District.

The facts are sufficiently stated in the opinion, and in the previous reports of the same case in 7 Cal. 575, and 14 Id. 247.

Shattuck, Spencer & Reichert, for Appellant.

I.   The language of the decision by this Court on the former appeal, (14 Cal. 247) taken in connection with the facts appearing in the record on that appeal, neither requires nor permits an inquiring upon the second trial into the question of knowledge by Ritter of the performance of the extra work.

The Court must have intended to submit only the question as to the interposition of objections by Ritter; for the facts appearing in the former record showed clearly that Ritter was chargeable with knowledge.

II.   If the question as to Ritter's knowledge was a proper subject of examination in the lower Court, then proof by plaintiff either of actual or of constructive knowledge was sufficient; and the record shows that Ritter had knowledge of the specifications in the original contract, and that the principal work was being done under it, and hence he was in a position where he was bound to make inquiries concerning the extra work; and, whether he actually knew of it or not, is by conclusive presumption of law chargeable with a knowledge which a proper diligence would have gained.

III.   The evidence shows actual knowledge upon Ritter's part of the performance of the extra work, as well as of the contract under which it was performed.

*J. B. Hart*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This action has been heretofore twice before this Court, under the title of *Soule et al.* v. *Dawes et al.*   Upon the last occasion, a question was presented as to certain " extra " work, as to which the Court said : " If the contractors did the work (meaning the " extra " work) with the knowledge of Ritter, and after Ritter's mortgage, and Ritter interposed no objection, then we think, under the contract between Howard and Wilber and Dawes, it would in equity be a charge upon the mortgaged property.   Otherwise, it would not."   The Court then reversed the judgment, and remanded the cause " for the purpose of determining this sole question according to the principles of this opinion."

Upon the retrial under this order the referee found: " That at the time said extra work was ordered and done, the said Ritter had no knowledge that the same was ordered, nor that the same was being done ; " and a decree was accordingly entered to the effect that the claim for said extra work was not a lien upon the premises as against the mortgage of Ritter.

The plaintiff has appealed and insists. 1. That the only matter to be tried was whether Ritter objected to the extra work.

This is claimed, upon the ground that the Supreme Court had the fact before it that Ritter knew the terms of the contract, and which provided for extra work, and that he dealt with the property during the progress of the work, and hence was *chargeable* with notice of any deviations from the specifications of the contract, and of course with knowledge that extra work was done ; and therefore, that the only matter that the Supreme Court could have intended should be tried, was whether Ritter objected to this extra work. But the language of the opinion is too simple and direct to admit of this construction. It is impossible to suppose the Court to have been so negligent as to have used the language it did, if the only point it intended to have inquired into was simply whether Ritter objected. If this had been all that was intended, there could have been no difficulty in so saying ; and it certainly would have been so said distinctly in a decision reversing the case, on the main points, because the Court below had misinterpreted a former decision.

2. That the finding was against the evidence, as to the fact of knowledge by Ritter that the extra work was being done.

The substance of the appellant's argument upon this point is, that Ritter having knowledge of the specification in the original contract, and having knowledge that the principal work was being done, he is *chargeable* with knowledge of the extra work being done, because he was so situated as to be bound to make the necessary inquiries ; and if not strictly so chargeable, it is a necessary presumption from these facts that he did know of the extra work.

As to the first branch of this argument, we agree with the referee, that the opinion of this Court in remanding the case plainly indicates that the inquiry was to be as to the actual knowledge of Ritter. The facts from which a constructive knowledge on the

part of Ritter is claimed to arise were before the Court, and it would not have directed a trial of this fact if its existence was already established.   It is not, therefore, necessary to inquire whether the knowledge which Ritter had, as to the contract and the progress of the work under it, was of that character which should have put him upon inquiry, and charges him with knowledge of the extra work.   It must be taken to be decided that actual knowledge was deemed necessary to affect the rights of Ritter in this case.

The second branch of this argument depends upon a consideration of the proper weight and effect to be given to various circumstances proved, and the testimony of several witnesses; with regard to which we should not be authorized to disturb the finding of the referee, as they are not in their nature conclusive of the fact, nor do we think that the referee erred in his estimate of their effect.

Judgment affirmed.