MAGDALINE ARGENTI, EXECUTOR OF THE LAST WILL OF FELIX ARGENTI, DECEASED *v*. THE CITY OF SAN FRANCISCO.

MODIFICATION OF JUDGMENT ON PETITION FOR REHEARING.—It is not the practice of the Supreme Court to make a material modification of the judgment rendered by that Court on a petition for rehearing, but if made at all, it is to be done after a rehearing is granted.

CONSEQUENCE OF A REVERSAL OF A JUDGMENT.—The consequence of a simple reversal of a judgment usually is, that the parties in the Court below have the same right which they originally had.

WHAT AMOUNTS TO REVERSAL OF THE JUDGMENT OF COURT BELOW.—When the appellate Court directs the Court below what kind of a judgment to render, instead of directing it to modify its judgment, it is a reversal of the judgment of the Court below.

WHAT APPELLATE COURT MAY ADD TO A JUDGMENT OF REVERSAL.—The appellate Court may add to the judgment of reversal directions that the cause be tried *de novo*, or that a particular issue be tried, leaving all the other facts found by the Court remaining as facts in the case, or that the Court enter a judgment upon certain specified facts in the case.

DIRECTIONS TO COURT BELOW TO ENTER A JUDGMENT DOES NOT GIVE NEW TRIAL.

—Where the action is brought to recover judgment upon several demands, and the Court below renders judgment for plaintiff upon all the demands, and the appellate Court in its opinion holds that plaintiff's recovery should have been limited to a portion of the demands sued on, and directs the Court below, upon a return of the cause, to render judgment in accordance with the opinion, and reverses the judgment, the judgment of the appellate Court does not direct a new trial of the issues, but directs the Court below to enter judgment upon the findings for the amount due.

FINDINGS OF FACT—CONSTRUCTION OF.— In an action to recover judgment against a municipal corporation for work done by plaintiff on contracts and warrants issued therefor, and also for other warrants purchased by plaintiff, issued to other parties, if the Court finds as a fact that the warrants issued to plaintiff were issued after the accounts under the contract were audited, and were issued in consideration thereof, this amounts to a finding that the warrants were drawn for the amount due on the contracts.

JUDGMENT ON APPEAL FROM ORDER DENYING NEW TRIAL.— Where the appeal is only from an order denying a new trial, the appellate Court may, if the case requires it, go back to the complaint and strike out one or more of the causes of action, and if there is a good count remaining, and the findings authorize it, modify the judgment.

WAIVER OF RIGHT TO ENFORCE JUDGMENT OF APPELLATE COURT.—If the judgment of the appellate Court finally determines the issues between the parties, and directs what judgment the Court below shall render, and that judgment is directed to be in favor of plaintiff, the plaintiff does not waive his right to have that judgment rendered by proceeding in the Court below with a trial of an issue of fact.

WHEN JUDGMENT RENDERED ON NEW TRIAL IS VOID.—Where the judgment of the appellate Court directs the Court below what judgment to render, a new trial in the Court below is not authorized, and a judgment rendered upon such new trial is null and void.

ENFORCEMENT OF JUDGMENTS OF SUPREME COURT.—The Supreme Court cannot revise its own judgments, but when proceedings founded on them are brought up for review, it will make such orders as are necessary to cause the judgment to be enforced.

A PARTY MUST PAY THE COSTS OF HIS ERRONEOUS PROCEEDINGS. — The party responsible for erroneous proceedings after a remittitur has been sent down from the Supreme Court, must pay the costs of those proceedings and the costs consequent on a second appeal caused by them.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

In 1853, William A. Barton and William Swain each entered into a contract with the authorities of the City and County of San Francisco to grade certain streets. Before they had completed the work, each assigned to Felix Argenti his contract and the amount due thereon. Argenti completed the contracts, and his demands under the same were audited by the city authorities and warrants were drawn on the Treasurer for the

amount audited, payable to him or bearer. Argenti also purchased and had assigned to him other warrants drawn on the Treasurer for work done by others on similar contracts, and payable to the contractors or bearer, but did not procure an assignment of the debts for which the warrants were issued. The Treasurer refused to pay the warrants, and this action was brought to recover the amount for which they were drawn. The complaint contained counts upon the warrants and also for the work performed under the contracts. The Court below found the facts and gave plaintiff judgment for the amount for which the warrants were drawn. This judgment was reversed by the Supreme Court, and the case is reported in 16 Cal. 258. On the second trial in the Court below, plaintiff was nonsuited. The plaintiff appealed from the order denying a new trial and from the judgment.

The other facts applicable to this appeal appear in the opinion of the Court.

*Sol. A. Sharp*, and *John B. Felton*, for Appellant, argued that the Court below on the first trial had found the amount due on the contracts and the amount due on the warrants purchased by Argenti, so that the two sums could be distinguished from each other, and that the opinion of the Court on the former appeal directed the Court below to render judgment for the amount due on the contracts, and that the former judgment of the Supreme Court was a final determination of the matter, and left nothing to try after the remittitur went down.

*Delos Lake*, and *John H. Saunders*, for Respondents, argued that the former decision and judgment of the Supreme Court remanded the case for a new trial, because the former appeal was only from an order denying a new trial, and the decision must be construed with reference to the appeal, and must be interpreted to mean that the order of the Court below denying a new trial was reversed, and a new trial ordered. They also argued that on an appeal from an order denying a new trial, the Court had no power to deduct a portion of the gross sum found to be due plaintiff, either from the findings or from the

judgment, and that it could not direct the Court below to do it.

By the Court, RHODES, J. :

The first question is, what was the judgment of this Court on the former appeal? Mr. Justice Cope, in closing his opinion (16 Cal. 275) says: " Our conclusion is that the right of the plaintiff to recover is limited to the amount specified in the contracts to which we have referred, and legal interest upon such amount. The judgment is for a larger sum than the plaintiff is entitled to recover, and must, therefore, be reversed. Upon the return of the cause, the Court below will render a judgment in accordance with this opinion.

" Judgment reversed and cause remanded."

Mr. Chief Justice Field concurred in the judgment.

Upon the petition for a rehearing, the Chief Justice delivered an opinion which concludes as follows: " The former judgment must stand, reversing the judgment of the Court below, with directions to strike out so much of the demand as rests upon the warrants alone, and to enter judgment only for the amount due upon the contracts.

" Rehearing denied."

Mr. Justice Cope, concurring specially, says: " I concur in the denial of the rehearing and adhere to the views expressed in my original opinion."

Thus the judgment first rendered was left standing as the judgment of the Court. That judgment was in no respect changed or modified in passing on the petition for a rehearing; and this must be so for two reasons :

First—Because it was not the proper practice, as was held in *Clark* v. *Boyreau,* 14 Cal. 638, to make a material modification of the judgment upon a petition for a rehearing, but if made at all it was to be done after the rehearing was had; and, Second—If any modification was attempted by the Chief Justice, it did not take effect, as it was not concurred in by Mr. Justice Cope, whose concurrence was confined to the denial

of the rehearing. In other words, the judgment was left as it would have been had all the language we have quoted from the opinion of the Chief Justice been omitted, except the words, "Rehearing denied." As, however, the words in which he stated the judgment were different from those in which it was pronounced, they may serve to assist us in ascertaining what the judgment, about which there is such a conflict among counsel, really was.

The language of Mr. Justice Cope, "that the right of the plaintiff to recover is limited to the amounts specified in the contracts," if read literally, is fatally ambiguous, for no amount is specified therein, but when read in connection with the preceding portion of his opinion, the meaning appears to be that the right of the plaintiff to a recovery is limited to the contracts as causes of action, to the exclusion of the warrants. This is the meaning the Chief Justice gave to the language, as appears from the words he employs, to express what had been decided in respect to the causes of action, "with directions to strike out so much of the demands as rests upon the warrants."

One point is clear. The judgment of the Court below was reversed. The consequence of a simple reversal usually is, that "the parties in the Court below have the same right which they originally had." (*Phelan* v. *San Francisco,* 9 Cal. 16 ; *Stearns* v. *Aguirre,* 7 Cal. 443.) But the reversal may practically end the controversy, and when such is the case it is usually accompanied by an order dismissing the action: On the former argument we thought it unusual, if not improper, to say that a judgment was reversed, which was directed to be modified. When the appellate Court renders the judgment, instead of directing the Court below to modify its judgment, of course the judgment of the Court below is reversed, otherwise there would be two judgments for the same cause of action. It is proper to say here that on the former argument we were led in some measure to attribute more significance to the order of reversal, standing by itself, than was absolutely demanded by the terms of the whole judgment, in consequence

of the position taken by the counsel for the plaintiff that "the whole judgment of the Court below was upon the warrants and was regulated by the amount of the warrants," and that the Court below ruled "that the warrants were evidences of indebtedness and furnished the real cause of action," for if the judgment of the appellate Court in effect strikes out the real cause of action, it is very indicative of a reversal in its purest and simplest form. But that is not the position he now holds.

The appellete Court may add to the judgment of reversal directions, among others, that the cause be tried *de novo ;* or that a particular issue be tried, leaving all the other facts found by the Court remaining as facts in the case, as was ordered in *Soule* v. *Dawes,* 14 Cal. 247 ; (see also *Soule* v. *Ritter,* 20 Cal. 522 ; *Marziou* v. *Pioche,* 10 Cal. 545 ;) or that the Court enter a judgment upon certain specified facts in the case. The defendant holds that the first was the form of judgment adopted in this case. But this cannot be maintained, for the order to the Court below to enter judgment for the plaintiff in any amount, is entirely inconsistent with a trial *de novo.*

The plaintiff, on his first argument, contended that the judgment was in the second form above indicated—that the cause was remanded to try the sole issue of the amount due upon the contracts ; and accordingly, when the cause reached the Court below, he introduced evidence to prove the amount and value of the work performed under the contracts. His position now is that the cause was remanded with directions to enter judgment on the findings for an amount to be ascertained by computation.

We have given this question the attention and the careful consideration that the magnitude of the interests involved and the subject matter of interpretation demands, and our conclusion is that the judgment of the appellate Court did not direct a new trial of any issue in the cause, but that it required the Court below to enter judgment upon the findings for the amount due upon the contracts. It may not be improper to say that both of the Judges who participated in the decision state that the judgment they intended to render was the same

as that which we ascertain from an interpretation of the language in which it was expressed.

The complaint alleges the making of the contracts, their assignment to the plaintiff, the performance of the work under the contract, the value of the work, and that the same is unpaid ; and it further states that the defendant being indebted to the plaintiff in the sum of eighty thousand dollars, delivered to him certain warrants drawn by the Controller upon the Treasurer, payable to the plaintiff or bearer ; that certain other warrants were drawn in like manner in favor of other persons, and by them assigned to the plaintiff ; that all of said warrants remain unpaid—they being set out in the complaint. The Court found the making and assignment of the contracts ; the performance of the work therein specified ; that the accounts for the work were duly audited, and that in consideration thereof the warrants described in the complaint *payable to the plaintiff or bearer* were issued and delivered to him by the defendant ; that the other warrants set forth in the complaint were issued to the persons therein named, and were by them assigned to the plaintiff ; that all the warrants were presented to the Treasurer and payment thereof demanded, and payment was refused, and that the amounts mentioned in the warrants remain due and payable to the plaintiff. The pleadings and findings were before the appellate Court.

The correctness of the finding of those facts was not questioned in the opinion of either of the Judges, but they were of the opinion that the warrants, of themselves, were not sufficient to constitute causes of action, and they held that the defendant was liable upon the contracts. The only question that could then remain, would be as to the amount of the liability—the amount then due on the contracts. The Court below having found that the amounts specified in the warrants of both classes—those payable to the plaintiff and those payable to other persons, and by them assigned to the plaintiff— were due and remained unpaid to the plaintiff, without specifying the amount due upon each class, ordered judgment for the gross sum of both classes. The manner in which the

finding was drawn was doubtless the only reason why the appellate Court did not specify the precise amount for which judgment was directed to be entered. The finding that the warrants, payable to the plaintiff, were issued after the accounts for the work under the contracts were audited by the authorities of the city, and in consideration thereof, and that the same remained unpaid, necessarily showed that the amount for which those warrants were drawn, was due on the contracts. The order of this Court was in effect that the Court below should enter judgment for the amount represented by the warrants issued to the plaintiff and mentioned in the complaint—that being the amount due on the contracts. That result was ascertainable from the finding by the mere process of computation ; and that was the only duty the Court below had to perform previous to the entry of judgment.

In opposition to this view, it is contended among other things, that as the appeal was from an order denying the new trial, a reversal of the judgment would be interpreted to mean that the order was reversed, whereupon a new trial would follow as a matter of course. We have already alluded to this point incidentally. The appeal was from the judgment as well as the order, and the reversal was coupled with directions that did not leave it a naked reversal, to be followed by the usual consequences we have stated. Where the appeal is from the order alone we see no good reason why the appellate Court may not, if the case requires it, go back to the complaint and strike out one or more of the causes of action, and, if there is a good count remaining, and the findings authorize it, modify the judgment or direct the Court below to do so. The difficulty or impropriety suggested by the defendant of striking off a part of a gross sum found for the plaintiff does not arise here, for the Court did not find a gross sum as a fact, but the fact found was that all the warrants were due and unpaid to the plaintiff, and thereupon as a conclusion of law

found that he was entitled to judgment for the sum total of the warrants.

It is further contended, that if the judgment was what the plaintiff claimed it to be when the cause was returned to the Court below, it was competent for him to waive, and he did waive his rights to have a single issue tried and opened the cause for a trial *de novo*. This view which, on the first argument, we thought unanswerable, loses all its force when the judgment, instead of being taken as ordering the trial of an issue of fact, is regarded as we now hold it to be. The learned counsel of the plaintiff was in error in his interpretation of the judgment, but because he so erred, and in pursuance of it attempted to retry an issue that had been finally passed upon, the cause was not opened for trial on all the original issues. The trial of any issue would be repugnant to the judgment of the appellate Court, because the judgment finally determined the controversy between the parties; and something stronger and of a more solemn character than matters that are sufficient to raise implications or presumptions, would be required in order to set the judgment aside.

The further point is made that the present appeal is from the order denying the plaintiff's motion for a new trial, and that the only question arising thereon is, did the Court err in nonsuiting the plaintiff on the evidence? The only issue that was, in fact tried, was as to the amount of indebtedness on the contracts; and upon that issue the plaintiff proved the performance of the work specified in the contracts, which, at the rates of compensation therein specified, showed that an amount was due him, after deducting the payments made on that account. Therefore, upon the theory on which the case was tried, the nonsuit should not have been granted. But, as we have said, there was no issue to be tried—a mere computation being required before the entry of the judgment. The trial was unauthorized by the mandate of this Court, and must be treated as null and void. We have no authority to revise the judgments of this Court, but where the proceedings founded upon them are brought before us for review, our duty

is to make such orders as may be necessary to cause the judgment to be enforced.

The plaintiff is responsible for those erroneous proceedings, and must pay the costs that accrued in the Court below after the entry of the cause on the calendar of the District Court, and also the costs of this appeal.

Judgment reversed, and all the proceedings subsequent to the entry of the cause on the calendar of the District Court set aside, and the Court directed to enter judgment for the plaintiff, for the amount due upon the contracts, to be ascertained by computing the amount of the warrants set out in the complaint, which were drawn in favor of F. Argenti or bearer, together with legal interest on the amount from the date of the warrants, and to enter judgment for costs as above indicated.

Mr. Justice Sawyer and Mr. Justice Shafter, being disqualified, did not participate in the decision of this cause.