# JULY TERM, 1883.

PRESENT:

Hon. ALBERT H. HORTON, CHIEF JUSTICE.
Hon. DANIEL M. VALENTINE, } ASSOCIATE JUSTICES.
Hon. DAVID J. BREWER,

DUFFITT & RAMSEY v. ROBERT CROZIER, *as Judge of the District Court of Leavenworth County.*

1. MANDATE OF SUPREME COURT — *Duty of District Court.* In cases decided by the supreme court, brought on error, when the facts are found by the trial court, and a mandate is sent to that court directing it to render judgment upon the findings for defendant below, the case is not to be retried by the district court upon the old facts, nor upon facts which ought to have been and might have been presented upon the trial; nor is the court below, after receiving the mandate, authorized to make additional findings upon the evidence originally offered, to aid or cure the judgment pronounced erroneous by the supreme court and ordered to be reversed.

2. MANDATE *Must be Executed, Unless, etc.* The district court, upon being directed by the mandate of the supreme court to enter judgment on the findings of fact found by the trial court for the defendant below, in a case brought on error to the supreme court, must execute the mandate, unless there shall be presented new and different facts in the case.

3. MANDAMUS, *when Issued.* Where the duty is cast upon the district court to carry out the direction of the mandate of the supreme court, and that duty is not performed, a mandamus will issue from the supreme court ordering the mandate to be obeyed.

*Original Proceedings in Mandamus.*

ACTION brought in this court, November 10, 1882, by William H. Duffitt and Peter B. Ramsey, partners as *Duffitt & Ramsey,* against *Robert Crozier,* as judge of the district court of Leavenworth county, to require the defendant to obey the mandate of this court in the case of *Duffitt v. Tuhan,* 28 Kas. 292, or to show cause, etc. An alternative writ was accord-

ingly issued, and made returnable on the 29th of November, 1882. The defendant answered, showing cause. The opinion states the facts.

*Henry T. Green*, for plaintiffs.

*Stillings & Stillings*, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: After the decision in *Duffitt v. Tuhan*, 28 Kas. 292, a mandate was sent to the court below, directing it to enter judgment upon the findings of fact in that case in favor of the plaintiffs in error. These parties presented in open court to the judge thereof this mandate, and requested the court to render judgment in accordance therewith. Pending this motion, Ellen Tuhan moved the court for leave to introduce further evidence, and for further findings in the case. To the hearing of this motion Duffitt & Ramsey objected. The court overruled their objection, and sustained the motion of Tuhan. Thereupon Tuhan and one J. C. Douglass were produced as witnesses. Their evidence, however, was immaterial and irrelevant. It really amounted to nothing, and sustained no issue in the cause. The court then found the following fact in addition to its facts heretofore found:

"That the said R. D. Callaghan, at the time of the tax sales and deed heretofore found in this case were made, had knowledge of the making of the same and of the record of the said tax deed; and that no proceedings were had or taken by him to annul or set aside said tax sales or deeds for more than two years after his knowledge of the taking of said tax deeds by said plaintiff to herself, nor at any other time."

The court stated as a conclusion of law, on the facts heretofore and at said time found, that Ellen Tuhan is entitled to recover the premises mentioned in her petition. Subsequently, upon the application of Duffitt & Ramsey, an alternative writ of mandamus was issued from this court, requiring the judge of the court below to comply with the mandate issued by this court, or to show cause why he had

not done so. The answer of the judge sets forth the proceedings of the district court subsequent to the filing of said mandate, and also alleges that said proceedings were done and had in accordance with the rulings and decisions of this court as understood by him, and in furtherance of justice. The question before us, therefore, is, whether upon the record and the agreed facts the district court must be required to enter the judgment directed by the mandate. When the case of *Duffitt v. Tuhan* was brought into this court by a writ of error, the whole record was brought up, and the judgment of this court, going to the whole merits of the case, was rendered upon the findings of fact specifically stated by the district court. Thereupon, a mandate was sent to the court below, directing it to render the judgment it should have rendered on the facts found in the case; and as no matters arising subsequent to the decision of this court were called to the attention of the trial court when the motion was made for entering judgment upon the mandate, and as no new or additional facts were presented to that court, the duty devolved upon the court to render judgment so as to conform to the mandate. (*Gunter v. Laffin,* 7 Cal. 588; *Argenti v. San Francisco,* 30 Cal. 458; *McMasters v. Blair,* 31 Pa. St. 467; Comp. Laws 1879, ch. 27, §7; Code, §599; *Ex parte Sibbald,* 12 Pet. 492; *Ex parte Dubuque & Pac. Rld. Co.,* 68 U. S. 69.)

The evidence introduced does not sustain the new or additional finding of fact, and the court below had no power within the direction of the mandate of this court to grant a new trial, or to go back to the evidence produced upon the first trial and therefrom make an additional finding, so as to uphold and cure a judgment which this court pronounced erroneous and reversed. The district court had no power to set aside the judgment of this court; and its authority upon the record extended only to executing the mandate.

Counsel for defendant allege that the action of the district judge was warranted by the language used by this court in *Conroy v. Perry,* 26 Kas. 473. Counsel have evidently an

erroneous conception of that case. It was stated therein that the district court, when instructed by this court to enter a specific judgment in a case reversed, may, upon a new and different presentation of facts, give rights to either party, and proceed to inquiry and judgment thereon; but this discretion can be exercised only upon the presentation of new facts. When a case is heard upon proceedings in error in this court, and the merits of the case are passed upon and the judgment of the inferior court reversed with direction for the entering of a judgment, the case is not to be retried by the trial court upon the old facts; nor is the defeated party permitted to introduce other facts which ought and might have been presented upon the original trial. On the proceedings of the district court subsequent to the filing of the mandate in *Duffitt v. Tuhan*, no additional or new facts were presented to justify the court's action. The pleadings were not changed, no supplemental petition was filed, no affidavits were read, and the evidence offered was not worthy of consideration.

Again, in *Conroy v. Perry*, supra, the district court held the supplemental petition to be insufficient, and therefore the rights of Perry were in no way prejudiced by the leave given to file the supplemental petition. Further, the final judgment rendered therein by the district court was the judgment substantially directed by this court in the mandate sent to that court. Where cases are decided by this court upon the facts found by the trial court, and the judgment of the inferior court is reversed, and a mandate sent to that court to render judgment upon the findings for the defendant, and no new or additional facts are presented, within the rule stated the duty is cast upon the court below to carry out the direction of the mandate. If the district court, under such circumstances, does not carry the judgment into execution according to the mandate, a mandamus will issue from this court ordering the mandate to be obeyed.

It is therefore ordered, that a peremptory writ of mandamus issue to the judge of the district court of Leavenworth county, commanding that judgment be rendered in accordance

with the mandate of this court, a copy of which is set forth in the answer of this case.

VALENTINE, J., concurring.

BREWER, J., *concurring:* I desire to add a few words in reference to the questions in this case. I was not present at the argument, and therefore shall say nothing about the facts. I understand that counsel for defendant rested the action of the district court mainly on the opinion filed in the case of *Conroy v. Perry*, 26 Kas. 472. The claim which was made in that case, and to which the opinion was directed, was, that under no circumstances could the district court do anything other than enter judgment in accordance with the mandate of this court. That, it was said, is the end of the litigation. The record was entirely silent as to the showing made for further proceedings, and the only question was, whether under any circumstances further action might be had by the trial court. Nothing was said in the briefs or argument as to the showing necessary to justify such action, but the power was absolutely denied. It was held that the power existed. I see no reason to doubt the power, neither do I understand my associates as questioning its existence. In a certain sense the judgment in this court is an end of the litigation. So also it may be said that any judgment is an end of the litigation. It is a finality, and yet not absolutely final. Take a judgment in the district court: when it is once entered, there is said to be a final adjudication. Neither party can come into court and by simply saying he has more or different testimony, have the judgment set aside and the matters in issue re-litigated. The reply to such an application would be, you are too late—the matter is at end. And yet every lawyer knows that such a judgment is not absolutely final, even in that court. By motion or petition, a re-investigation may be had within days or even months thereafter, and the statute provides within what time and upon what conditions such further inquiry may be had. ( Civil Code, §§ 306 to 310; *Sexton v. Lamb*, 27 Kas. 432.)

Now I suppose that when a mandate goes back from this court directing the entry of a judgment, the judgment should be entered in conformity therewith. But even then, upon proper petition and showing, further proceedings may be had, the judgment opened up, and the issues re-litigated. But this cannot be done upon the mere application of a party. That would make the judgment of the appellate less of a finality than that of a trial court. There must be a showing of new facts or newly-discovered testimony, such as would make an opening-up of the judgment and a reëxamination justifiable; and such application must in the first instance be made to the district, and not to this court. While the language of the opinion in *Conroy v. Perry*, supra, may not be as guarded as it should be, this is all that was then in contemplation. There is one thing in that opinion, however, which I think should be corrected, in which correction my associates concur. It was then said that in the silence of the record, it would be presumed that a sufficient showing was made to the district court. That rule we think is wrong. The judgment of this court should be presumed the end of the litigation, and before any further action by the trial court other than entering the judgment in conformity to the mandate can be sustained, it should affirmatively appear in the record that a sufficient showing therefor was made.

Again, my impression when this question was first presented was, that the plaintiffs had not sought the proper remedy; that no mandamus would issue to compel obedience to a mandate; that if the mandate was wantonly disobeyed, an attachment as for contempt is the proper proceeding; and that if the action of the district court was predicated upon some showing made by either party, a proceeding in error is the only remedy. But the authorities cited in the opinion from the supreme court of the United States go to the effect that mandamus is the appropriate proceeding.

I believe this is all that I care to add to what is said by the court in the opinion of the Chief Justice.