THE CITY OF ARGENTINE *et al.* v. G. H. SIMMONS *et al.*

1. STREET IMPROVEMENT—*Validity of Assessment.* Where property owners assail the validity of a special assessment made for improving a street, the burden rests upon them to establish the invalidity of the proceedings.

2. PETITION — *Sufficiency.* Where property owners seek to enjoin the levy and collection of a special assessment, upon the ground that the petition did not contain the names of three-fourths of the owners of the property fronting on the street to be improved; and where they, in their own testimony, offer the petition to the city council, to which is attached the certificate of the city engineer, stating that the petition was signed by three-fourths of the resident property owners of the property abutting on the street to be improved; and where they also introduce an ordinance providing for the making of the improvement, which also recites that more than three-fourths of the property owners had petitioned the mayor and council to make the improvement, and which testimony is received without objection, it will be *held* to be a *prima facie* showing that the petition had a sufficient number of signers to confer jurisdiction upon the mayor and council.

3. ESTIMATE — *Sufficiency.* An estimate for the grading of a street, which states the number of cubic yards of earth to be removed, the cost per yard for doing the work, as well as the total cost of the entire work, and which includes the number of feet of sewer pipe required, as well as the size and cost of the same, is sufficient to meet the requirements of ¶ 825 of the General Statutes of 1889.

*Error from Wyandotte Court of Common Pleas.*

ACTION by *Simmons* and others against *The City of Argentine* and others, to enjoin the levy and collection of a certain tax. Judgment for plaintiffs. The defendants bring the case here. The opinion states the material facts.

*Thos. J. White,* and *H. A. Bailey,* for plaintiffs in error.
*J. F. Frankey,* and *L. D. L. Tosh,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: Proceedings were taken by the city of Argentine under which a portion of Metropolitan avenue was graded, and the cost thereof assessed against the property

abutting on the improvement. Some of the owners of the abutting lots brought this action to enjoin the city and its officers from enforcing the levy and collection of the special tax, alleging several grounds of irregularity and invalidity, and the court granted a temporary order of injunction, which was subsequently made perpetual.

It is now insisted that the mayor and council acted without jurisdiction, but it is conceded that this is not the ground upon which the decision of the trial court was based. To sustain the ruling, the defendants in error rely solely on the contention that there was such a departure from the statutory requirements as to vitiate the proceedings, and therefore that the mayor and council had no jurisdiction to contract for the improvements, nor to make an assessment to pay for the same. They do not count on any mere irregularity, and concede that if the proceedings are not absolutely void the judgment of the trial court should be reversed. They urge that it did not appear that the petition which initiated the proceedings and upon which the council acted was sufficient.

As a condition precedent to the making of the improvements, three-fourths of the property owners fronting on the street to be graded or improved must petition the council to make the improvement. In their attempt to establish a cause of action, the plaintiffs below introduced the petition, to which was attached the certificate of the city engineer, stating that the petition was signed by three-fourths of the resident property owners of the property abutting on the street to be improved. They also introduced an ordinance providing for the grading of the avenue, which recited that more than three-fourths of the owners of the real estate fronting on the avenue had petitioned the mayor and council to grade the same. A later ordinance, amending the former, recited the same fact, and all together abundantly established the fact that the petition contained the requisite number of property owners and was legally sufficient. It is true that the petition upon its face did not state that the petitioners constituted three-fourths of the property owners, but this is not required.

It was the plaintiffs below who assailed the validity of the proceedings, and the burden of proving illegalities must rest upon those objecting to the proceedings.

Aside from the presumption that the officers proceeded regularly, and that what ought to have been done was done, the plaintiffs themselves, by testimony which was received and acted upon without objection, proved that the petition was regular and sufficient. Their testimony also showed a proper estimate by the engineer, that the work was ordered and performed, and that after the property had been appraised the cost had been equalized, and apportioned upon the abutting property in accordance with the petition and in the manner provided by law. The claim that the petition was so indefinite as to be void is without force, and the further contention, that the estimate of the engineer is not in compliance with law, cannot be sustained. In it was an estimate of the number of cubic yards of earth to be removed, and the cost per yard for doing the work, as well as the total cost of the grading. It also included the sewer pipes that would be required, as well as the size and cost of the same. This was sufficient to meet the requirements of the statute. (Gen. Stat. of 1889, ¶ 825.)

There is the further contention that the appraisers were not appointed in the manner provided by law. Appraisers were appointed by resolution. They qualified and acted, and no charge is made that their work was not well done. It is contended that they should have been appointed by ordinance, but the statute does not specifically require the appointment to be made in that manner; and, even if this was a defect, it was at most an irregularity, and not sufficient to destroy the validity of the proceedings. We think that the testimony offered by the plaintiffs below was insufficient to maintain their action, and that the demurrer thereto should have been sustained, and judgment rendered in favor of the city. For this purpose the judgment will be reversed, and the cause remanded.

All the Justices concurring.          —