THE CITY OF ARGENTINE v. THOMAS P. ANDERSON, *as Judge of the Court of Common Pleas of Wyandotte County.*

No. 10451.

MANDAMUS TO COURT—*Remedy by Petition in Error.* Where the judgment of a trial court has been reversed by this court, and a mandate issued directing that a demurrer to the plaintiff's evidence be sustained, and a judgment entered in favor of the defendant for costs, and where such mandate has been literally obeyed but the trial court thereafter grants the plaintiff a new trial, *held*, that *mandamus* is not the proper proceeding to institute in this court for the purpose of reviewing and setting aside the order of the trial court granting such new trial.

*Original Proceeding in Mandamus.*

THE opinion states the case.

*Thomas J. White,* and *H. A. Bailey,* for plaintiff.

*J. F. Frankey,* for defendant.

The opinion of the court was delivered by

ALLEN, J. : It appears from the alternative writ of *mandamus* issued in this case that an action was commenced in the court of common pleas of Wyandotte county by G. H. Simmons *et al.* against the City of Argentine *et al.* to enjoin the collection of a special tax, and that judgment was rendered therein in favor of the plaintiffs. The case was brought to this court for review, and the judgment of the court of common pleas was reversed, and the cause remanded, with directions to sustain the defendant's demurrer to the plaintiffs' evidence, and render judgment thereon in favor of the city. (*City of Argentine v. Simmons,* 54 Kan. 699.) Thereafter a mandate was duly issued to the court of common pleas to carry into effect the judgment of this court. The plaintiffs then filed a motion for a rehearing in this court, and for a modification of the mandate. On the 30th of April, 1895, this motion was overruled. On the 2d day of May following the plaintiffs filed a motion for a new trial in the court of common pleas. On the 6th of June, on motion of the defendant, judgment was entered by the court of common pleas in accordance with the mandate of this court. On the 15th of June the motion of the plaintiffs for a new trial was heard, over the objection of the defendant, and sustained so far as to allow the plaintiffs to prove the insufficiency of the petition for the improvement for which the tax was

levied. On the 16th of September, 1895, the defendant filed a motion to set aside the order. This motion was overruled on the day it was filed. On application of the city, an alternative writ of *mandamus* was issued, commanding the defendant, Anderson, as judge of the court of common pleas, to set aside the order granting a new trial, and enter final judgment in favor of the defendant, or show cause before this court. The defendant moves to quash the writ.

This case is unlike that of *Duffitt v. Crozier*, 30 Kan. 150. In that case special findings of fact had been made by the court, on which this court directed what judgment should be entered. On the return of the mandate, instead of entering judgment in obedience to its command, the judge proceeded to hear further testimony and make additional findings. In this case the mandate of this court has been literally obeyed. The only real purpose of this proceeding is to set aside the order granting the plaintiffs leave to introduce further testimony on a particular branch of the case. *Mandamus* is not a proper action for the purpose. The order is one that may be reviewed on petition in error.

As to the right of the court of common pleas to entertain a motion for a new trial in a case where this court has reversed its judgment and directed that a demurrer to the plaintiff's evidence be sustained we express no opinion, but prefer to leave the question for determination when properly presented.

The motion to quash the writ is sustained, and judgment will be entered against the plaintiff for costs.

All the Justices concurring.