## THE CITY OF ARGENTINE v. G. H. SIMMONS *et al.*

### No. 10501.

NEW TRIAL—*not allowed because of misprint in statute discovered at trial and not called to court's attention.* When, upon the trial of a case, the plaintiff discovers a misprint in the statute upon which he has brought his action, and perceives that because thereof he must proceed upon a changed legal theory, and that to do so he will require witnesses whom he does not have at command, he should, before proceeding farther, call the attention of the court to the misprint in the statute and his mistake caused thereby and the necessity of delay to procure witnesses to make his proof under the correctly printed law; and if he omits to do so, and in consequence is defeated, a new trial will not be allowed him upon the ground of "accident and surprise" on account of his discovery of the misprint in the statute, and to procure as "newly discovered evidence" the witnesses necessary to make his proof under it as correctly printed.

Error from Wyandotte Court of Common Pleas.   T. P. Anderson, Judge.   Opinion filed March 5, 1898. *Reversed.*

*H. J. Smith*, City Attorney, and *Thomas J. White*, for plaintiff in error.

*J. F. Frankey*, for defendant in error.

DOSTER, C. J. The defendants in error sued in the court below to enjoin the collection of special assessments made for the grading of a street. The ground upon which the injunction was asked was, that the petition to the city council for the making of the improvement was not signed by the requisite number of

qualified petitioners.    At the close of their testimony the defendant demurred to it for insufficiency of proof of a cause of action.    This demurrer was overruled. The defendant then introduced its testimony, at the close of which judgment as prayed for was rendered in plaintiff's favor.    The defendant prosecuted error to this court.    The judgment was reversed. *City of Argentine v. Simmons*, 54 Kan. 699, 39 Pac. 181.    The closing sentences of the opinion in the case are as follows :

" We think that the testimony offered by the plaintiffs below was insufficient to maintain their action, and that the demurrer thereto should have been sustained, and judgment rendered in favor of the city. For this purpose the judgment will be reversed and the cause remanded."

After the reversal of the judgment, the plaintiffs moved the court below for a new trial upon the grounds of "accident and surprise," and "newly discovered evidence."    This motion for new trial was sustained, and from the order sustaining it the defendant prosecutes error to this court.    The "accident and surprise" alleged as one of the grounds for new trial consisted in a mistake of law as to the requisites of the petition to the city council.    Paragraph 832, General Statutes of 1889, ( Gen. Stat. 1897, ch. 37, §§ 135–41) provides that the petition to the city council for a street improvement shall be signed by " threefourths of the property owners fronting on the street." This quotation from the Statute is a misprint.    It should read, "three-fourths of the resident property owners," etc.    It is section 1, of chapter 104 of the Session Laws of 1887 which reads, as there published, " resident property owners."    The law of 1887 is an amendment to section 6, chapter 99, Laws of 1885, in some particulars, but not in the one under consideration.    That section reads "resident property owners,"

as in the later act of 1887. The newly discovered evidence assigned as the second ground for the new trial consisted in the discovery of the fact that the petition to the city council was not signed by three-fourths of the "resident property owners." To summarize the grounds for the new trial they were, "accident and surprise," that the law as correctly printed required the property owning petitioners to be residents, and the discovery of the fact that a sufficient number of the petitioners in question were not residents.

Under the circumstances, we are not justified in criticizing the plaintiffs or their counsel for failure to know the law. The mistake made by them was a natural one. It is not to be expected that parties will take the extraordinary precaution of verifying the accuracy of the print of an authorized compilation of the Statutes. We think, however, that the evidence offered in support of the motion for new trial shows that the "accident and surprise" of which they complained could have been guarded against in the former hearing in such a way as to enable them to have made their proof under the Statute as correctly printed, and that guarding against such accident and surprise would have given opportunity for the discovery of the new evidence. The counsel for plaintiff in his affidavit supporting the motion for new trial, among other things said "that during the progress of the trial in this court, and after plaintiffs had introduced practically all of their testimony, affiant discovered that there was a discrepancy in the reading of said section 832, as contained in the volume of the Statutes in use in the court house, and his own; but he did not ascertain until later on, when he had an opportunity to examine the Session Laws, which of said volumes contained the law on the subject, and having been mis-

led, as before stated, he had not investigated the subject as to whether three-fourths of the resident property owners fronting on the street to be improved had signed the petition, and having no opportunity to investigate said fact during the trial, he could not make an application for a continuance of the case."

According to this admission counsel became aware during the trial of the case of the discrepancy in the print of the two Statutes ; a discrepancy which vitally affected the parties to the cause. He should at once have called the attention of the court to it, and should have asked for a postponement of the hearing until the correct reading of the law upon which he founded his case could have been ascertained. Without doubt the court would have granted a sufficient delay, not only in justice to the parties, but to save itself from falling into error. Instead of asking for the necessary delay counsel preferred to continue the trial upon a legal theory, the correctness of which he might well have begun to doubt. After gaining the necessary time to enable him to ascertain the law and bring his evidence within its terms, he would have been able to proceed, or if then unable to proceed could have dismissed his case without prejudice to a future action. The case of *Boot and Shoe Co. v. Martin* ( 45 Kan. 766, 26 Pac. 424 ), is quite in point. It was there said :

"If a plaintiff finds himself unprepared to meet a defendant's evidence, he should ask at the trial for time to meet it. Generally this will be allowed upon such terms as may seem just, but if this is not allowed, he always has it in his power to dismiss his action without prejudice, which will leave him at liberty to sue again for the same cause of action. He cannot, as a general rule, be permitted to take the chances upon the evidence to which he does not object, and, when judgment is rendered against him, obtain a new trial simply because he was surprised at the evidence presented."

The plaintiff in error claims that, independently of the above considerations, the new trial should not have been granted. Among other things it is urged that the judgment and mandate of reversal put an end to the controversy; that the plaintiffs below having failed to prove their case, and this court having ruled that the defendant's demurrer to the evidence should have been sustained and having ordered judgment for defendant on such demurrer, the controversy was at an end, within the rule declared in *Duffitt v. Crozier*, 30 Kan. 150, 1 Pac. 69. Whether the rule in that case or the one announced in *K. C. F. S. & M. Rld. Co. v. Berry*, (55 Kan. 186, 40 Pac. 288,) is to be applied to the facts of this case we do not deem it necessary to determine, nor do we deem it necessary to determine the correctness of any of the other claims for reversal made by plaintiff in error. For the reasons above given, our judgment is, that the motion for new trial should have been overruled; and for the error of the court in granting such trial, its order is, therefore, reversed for proceedings in accordance with this opinion.