NOT DESIGNATED FOR PUBLICATION

No. 116,113

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD ALLEN LUARKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed September 22, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BUSER and LEBEN, JJ.

PER CURIAM: Richard Allen Luarks was convicted by a jury of one count of aggravated battery. This court affirmed Luarks' conviction and sentence. Our Supreme Court granted Luarks' petition for review and reversed Luarks' sentence because the sentencing court made an error in calculating his criminal history score. Luarks' case was remanded for resentencing. On remand, Luarks was sentenced to 162 months' imprisonment based on his criminal history score of B. Luarks appeals, arguing that because he was provided ineffective assistance of counsel at resentencing, he was denied due process. Finding no ineffective assistance of counsel, we affirm his sentence.

1

In 2011, a jury convicted Luarks of one count of aggravated battery. Luarks had been charged with aggravated battery after he stabbed his girlfriend's neighbor at a Topeka apartment complex in July 2010. Luarks' criminal history score was calculated as A, and he was sentenced to 172 months' imprisonment. See *State v. Luarks*, 302 Kan. 972, 973-74, 360 P.3d 418 (2015).

On direct appeal to this court, Luarks argued that the trial court had misclassified three of his pre-Kansas Sentencing Guidelines Act (KSGA) convictions as person felonies: (1) a 1981 conviction for attempted rape; (2) a 1986 conviction for aggravated battery; and (3) a 1981 conviction for burglary of a residence. See *State v. Luarks*, No. 106,643, 2012 WL 6634395 (Kan. App. 2012) (unpublished opinion), *rev'd* 302 Kan. 972. "[T]he panel concluded there was no error in classifying the disputed convictions as person felonies, and consequently, it approved his criminal history score." *Luarks*, 302 Kan. at 974. Our Supreme Court granted Luarks' petition for review. He presented two arguments: (1) that "the court erred by over-classifying all three of his pre-[KSGA] convictions as person felonies"; and (2) that "the classification as a person felony of one of those convictions—for burglary—was unconstitutional because it was based on a fact that was never proven to a jury beyond a reasonable doubt." 302 Kan. at 973. Our Supreme Court held:

> "Luarks' arguments are controlled by our recent decisions in *State v. Keel,* 302 Kan. 560, 357 P.3d 251 (2015), and *State v. Dickey,* 301 Kan. 1018, 350 P.3d 1054 (2015). Under *Keel,* we readily reject Luarks' first argument regarding his pre-KSGA convictions for attempted rape and aggravated battery. But as for Luarks' remaining pre-KSGA conviction for burglary, we agree with him. Under *Dickey,* its person classification was improperly based on the implicit judicial finding that he burglarized a dwelling, a fact never proven to a jury beyond a reasonable doubt.

"Accordingly, with only two person felony convictions attributable to Luarks instead of the three calculated by the district court, we vacate Luarks' sentence and remand to that court for resentencing." 302 Kan. at 973.

At the resentencing hearing, Luarks was represented by counsel, Joshua Luttrell. The sentencing court acknowledged our Supreme Court's mandate and found that Luarks' criminal history score should have been B. Luarks, through Luttrell, objected to his new criminal history score. Luttrell also told the court that Luarks had prepared a pro se motion that he intended on filing. Luttrell conceded that he had not had an opportunity to sufficiently discuss the motion with Luarks. When Luarks attempted to explain his motion, the court told him that Luttrell would need to speak on his behalf. Luttrell told the court that Luarks was asserting that our Supreme Court mandated that he be resentenced under K.S.A. 2014 Supp. 21-6804(q), which defined an "optional nonprison sentence." Luttrell had difficulty conveying Luarks' argument, so the court allowed Luarks to present the argument himself.

Luarks directed the court to look at *State v. Kirk*, a 2004 case that Luarks was unable to provide a citation for. After examining Luarks' argument and conducting our own research, we now know that Luarks was citing to *State v. Kirk*, No. 94,487, 2006 WL 2129158 (Kan. App. 2006) (unpublished opinion). Luarks presented his argument based on *Kirk*, which was actually based on our Supreme Court's holding in *State v. Collier*, 263 Kan. 629, 635, 952 P.2d 1326 (1998), which was quoted in *Kirk*. Luarks read the following excerpt from *Collier* to the court:

"'In cases decided by the supreme court, brought on error, when the facts are found by the trial court, and a mandate is sent to that court directing it to render judgment upon the findings for defendant below, the case is not to be retried by the district court upon the old facts, nor upon facts which ought to have been and might have been presented upon the trial; nor is the court below, after receiving the mandate, authorized to make additional findings upon the evidence originally offered, to aid or cure the judgment

3

pronounced erroneous by the supreme court and ordered to be reversed.'" *Collier*, 263 Kan. at 635 (quoting *Duffitt & Ramsey v. Crozier, Judge*, 30 Kan. 150, Syl. ¶ 1, 1 Pac. 69 [1883]).

Luarks asserted that the holding from *Collier* applied equally to his resentencing "[b]ecause the mandate in [his] opinion by the Supreme Court gave K.S.A. 21-6804(q), as defining presumptive sentence, which is a non-prison sanction." The sentencing court addressed Luarks' argument and clarified our Supreme Court's mandate in his case:

"I don't have a case site [*sic*] from this State versus Kirk, nor do I find that the information provided by the defendant or the argument based on that is applicable to this case.

"What the Supreme Court said in that last paragraph, you have to read the whole paragraph, is that:  Without this prohibited finding, Luarks' 1981 burglary conviction should have been classified as a nonperson crime. That classification would have resulted in a lower criminal history score—two person felony convictions instead of three—and thus a lower presumptive sentence for Luarks under the Kansas Sentencing Guidelines. Then they said:  See K.S.A. 2014 Supp. 21-6809 (computing criminal history categories based upon number and types of convictions); K.S.A. 21-6804(q), (defining presumptive sentences). Accordingly, we vacate Luarks' sentencing and remand for sentencing.

"What the Supreme Court did is they disagreed with your argument that all three of your prior person felony convictions should have been classified as nonperson. They found that one, a 1981 burglary conviction, should have been classified as a nonperson, and that would have resulted in a criminal history score of two person felony convictions instead of three. Two person felony convictions makes this a B Criminal History. So I do find, after hearing your argument, Mr. Luarks, I do find that criminal history should be classified as B in this case. I'll note your objection for the record though."

Next, the court heard the parties' sentencing recommendations. The State recommended that Luarks be sentenced to a prison term of 162 months, which represented the aggravated prison sentence for an individual with a criminal history score of B. In response to the State's recommendation, Luttrell stated that he objected "to the

sentencing under the ex post facto laws of the Supreme Court of the United States." The court once again allowed Luarks to address the court regarding his ex post facto argument. Luarks argued that sentencing him using the 2014 amended version of K.S.A. 2014 Supp. 21-6810, the statute covering criminal history categories, would violate ex post facto laws. Luarks then presented the court with a copy of his written motion. The court read the motion. The State responded to Luarks' motion. In summary, the State argued "that the defendant's two prior convictions for aggravated battery and attempted rape are appropriately classified as person felonies. The burglary would be a nonperson felony. Defendant would be sentenced as to Criminal History B, and this particular statute in question does not pose an ex post facto situation." The court addressed Luarks' ex post facto argument:

> "Supreme Court already addressed your issue on *State versus Keel* when they addressed the mandate in this particular case. . . . In fact, you've addressed that also in your motion to correct an illegal sentence. Under *Keel*, the Supreme Court noted that they had readily rejected your first argument regarding your pre KSGA convictions . . . for attempted rape and aggravated battery. But for your remaining conviction on burglary, they agreed with you under the *Dickey* decision basically.
>
> "In your motion to correct an illegal sentence that you filed today with the Court, I noted that you mentioned that the mandate, *State versus Keel*, had been stayed, pending the final petition for cert in the United States Supreme Court. That cert was denied on January 11th, 2016 by the United States Supreme Court. *Keel* is the law in this case. I'm obligated to follow the law as the Supreme Court of Kansas has defined them. Under that, your two prior convictions for aggravated battery and attempted rape are to be compared to like-convictions. Under the Kansas Sentencing Guidelines, they are classified as person felony convictions, therefore, they are appropriately classified as person felony convictions for your resentencing in this case.
>
> "I believe that the Supreme Court has already addressed the issues that you brought about in your motion to correct an illegal sentence. That motion is denied. I find that your appropriate criminal history is a B Criminal History . . . and as such, the Kansas Sentencing Guidelines has a range of 144 to 162 in this particular case."

5

The court sentenced Luarks to 162 months' imprisonment. Luarks again raised his ex post facto argument. The court responded,

"I did not do that, I didn't even address that. But . . . that statute has been held to be not ex post facto. But the Supreme Court has ruled in the *Keel* decision that those . . . prior convictions . . . that happened prior to the effective date of the Kansas Sentencing Guidelines enactment, must be addressed as the same type of conviction, post Kansas Sentencing Guideline, and categorizes as person or nonperson. And that's what I followed in this case."

The court informed Luarks of his right to appeal and concluded sentencing. Luarks filed a timely notice of appeal.

*Was Luarks' Counsel at Resentencing Ineffective to the Point That He Was Denied Due Process?*

Before we can reach Luarks' argument, we must address a preliminary issue. Luarks acknowledges that he failed to raise the issue of ineffective assistance of counsel at his resentencing hearing. The State argues that "[t]his court should not address this issue as it was not properly preserved for review."

Generally, issues not raised before the trial court cannot be raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). This includes constitutional grounds for reversal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Of course, there are exceptions to the rule.

"Three commonly cited circumstances where an issue, including a constitutional issue, can be presented for the first time on direct appeal are: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and the issue is finally determinative of the case; (2) resolution of the question is necessary to serve the ends of

6

justice or to prevent denial of fundamental rights; or (3) the district court reached the right conclusion but relied on the wrong ground or assigned a wrong reason for its decision." *Trotter v. State*, 288 Kan. 112, Syl. ¶ 3, 200 P.3d 1236 (2009).

Luarks argues that he should be permitted to present his claim for the first time on appeal because he was deprived of due process, a fundamental right, by his counsel's ineffectiveness at his resentencing hearing. But the State points out that ineffective assistance of counsel claims cannot generally be raised for the first time on appeal. See *Trotter*, 288 Kan. at 127-28 ("[W]e have generally determined a district court must consider the evidence to determine the two-prong test for establishing ineffective assistance of counsel . . . ."). Indeed, our Supreme Court has held that

"the trial court, which observed counsel's performance and was aware of the trial strategy involved, is in a much better position to consider counsel's competence than an appellate court is in reviewing the issue for the first time from a cold record. Many times what would appear in the record as an indication of ineffective counsel was fully justified under the circumstances present in the trial court. The trial judge should be the first to make a determination of such an issue and our refusal to consider the matter for the first time on appeal is sound. . . . [A] remedy exists under K.S.A. 60-1507." *State v. Van Cleave*, 239 Kan. 117, 119, 716 P.2d 580 (1986).

As we mentioned earlier, Luarks leans on the second exception to the rule listed above—that he should be excused from failing to raise this issue below because resolution of the question is necessary to prevent the denial of a fundamental right. He asserts that he was denied his right to due process under the Fourteenth Amendment to the United States Constitution because his counsel at resentencing was ineffective.

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' [Citation omitted.]" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); see also *State v. King*, 288 Kan. 333, 354, 204 P.3d 585 (2009). And to present a successful claim of ineffective assistance

7

of counsel, a criminal defendant must show (1) that the performance of counsel fell below an objective standard of reasonableness, based on the totality of the circumstances, and (2) that counsel's performance resulted in prejudice, *i.e.*, that there is a reasonable probability that a different result would have been reached but for the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

Luarks asserts that "[t]he question, . . . was whether [he] was deprived of a 'meaningful hearing' in the context of Due Process." Luarks argues that "his Counsels' [*sic*] ineffectiveness is sufficient grounds for this Court to conclude that [he] was deprived of Due Process for a lack of a 'meaningful hearing.'" Specifically, Luarks argues that his counsel at resentencing was ineffective because "[a]ny reasonably effective attorney would have moved the Court for a continuance based on reasonable cause."

Luarks' argument fails for two reasons:  (1) notwithstanding his counsel's actions, he was afforded a meaningful opportunity to be heard, and (2) he concedes on appeal that he was not prejudiced in the final disposition of the hearing.

First, we recall that Luarks showed up for resentencing with a motion that he had prepared himself. Luarks' counsel acknowledged that he had not seen the motion before the resentencing hearing. Still, Luarks' counsel made an attempt to argue the motion. But Luarks was not satisfied with his counsel's effort in arguing the motion. So, the sentencing court allowed Luarks to argue his own motion. The State asserts in its brief that "Luarks was not forced to argue his pro se motion but wanted to represent himself." The State's argument is supported by the record. At his resentencing hearing, Luarks told the court, "I'm here to speak for myself." And Luarks did speak for himself. He presented his argument fully at the resentencing hearing. When the court determined that his arguments were flawed, it denied his motion. Luarks' attempt to show that he was not

8

afforded a meaningful opportunity to be heard falls short of the mark. Luarks was provided every opportunity to be heard at his resentencing hearing. He chose to argue his motion himself. He cannot now claim that he was denied due process because he made that choice. A litigant is not allowed to invite error and then complain of that error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Thus, Luarks' counsel's performance notwithstanding, he has failed to show that he was denied due process.

But even if we were to consider Luarks' ineffective assistance of counsel claim, our conclusion would not change. Luarks himself admits on appeal that "[i]t is not so much that the final disposition of the hearing was prejudiced, because of Counsel's ineffectiveness throughout the resentencing hearing, but rather a question that the process of getting to the final disposition of the resentencing hearing was fatally flawed."

Thus, assuming arguendo that Luarks' counsel was deficient, Luarks would admittedly be unable to prove that he was prejudiced by the deficiency. This conclusion is supported by a short examination of the arguments that Luarks presented at his resentencing. First, we must emphasize the purpose for Luarks' resentencing. On direct appeal from his original conviction and sentence, our Supreme Court held that the original sentencing court had misclassified one of Luarks' prior convictions in calculating his criminal history score. That misclassification resulted in Luarks receiving a higher criminal history score than he should have received. Accordingly, our Supreme Court remanded the case for resentencing with the correct criminal history score. All in all, the resentencing should have been a relatively simple affair.

On remand, Luarks offered his pro se motion. In his motion, he argued (1) that the holding from *Kirk*, 2006 WL 2129158, made it illegal to resentence him under his new criminal history score, and (2) that resentencing him under the amended criminal history statute would violate the constitutional prohibition against ex post facto laws.

First, we recognize that *Kirk* does not support Luarks' assertion that his resentencing would have been illegal. In *Kirk*, this court held that "a party cannot attempt to correct the record and relitigate a matter resolved by reliance upon a prior set of facts." 2006 WL 2129158, at *3. Instead, "the district court's jurisdiction on remand extend[s] only as far as necessary to effectuate the mandate of [the higher] court." 2006 WL 2129158, at *2. Thus, in actuality, *Kirk* supports the resentencing court's actions here. The court read our Supreme Court's mandate and resentenced Luarks accordingly— nothing less, nothing more. As a result, Luarks is unable to show that he was prejudiced by his counsel's failure to sufficiently address *Kirk*.

Additionally, Luarks argued that sentencing him under the then-recently amended K.S.A. 2014 Supp. 21-6810 would violate the prohibition against ex post facto laws. The resentencing court noted that Luarks' ex post facto argument failed in the face of our Supreme Court's decision in *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In *Keel*, the Supreme Court held, independent of K.S.A. 2014 Supp. 21-6810, that "the classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." 302 Kan. at 590. Additionally, the court held that "classifying a prior conviction or juvenile adjudication based on the classification in effect for the comparable offense when the current crime was committed complies with the Ex Post Facto Clause of the United States Constitution." 302 Kan. at 589. And our Supreme Court noted "that the classification rule . . . is consistent with the recent amendments the legislature made to K.S.A. 2014 Supp. 21-6810." 302 Kan. at 590.

Thus, the resentencing court here was correct to rule that *Keel*, although indirectly, had sufficiently addressed Luarks' argument that K.S.A. 2014 Supp. 21-6810 could not be applied retroactively without violating the prohibition against ex post facto laws.

10

Accordingly, Luarks is unable to show that he was prejudiced by his counsel's failure to sufficiently address his ex post facto argument.

In conclusion, Luarks contends that his resentencing counsel should have requested a continuance. But we cannot say that the passage of time would have made Luarks' arguments any more persuasive. And by conceding that he cannot show prejudice, Luarks implicitly agrees. Because Luarks cannot show that his resentencing counsel's performance resulted in prejudice, he cannot show that his counsel was ineffective. Moreover, because he cannot show that his counsel was ineffective, he cannot show that he was denied due process at his resentencing.

Affirmed.