## W. S. JENKINS v. MOSIER T. GREEN, *et al.*

CONTROL OF COURT *Over its Process.* The district court has general control of its process to protect against injustice; and where a party seeks such process under a mistaken notion as to its effect and proceedings under it, the court may set aside such process and the proceedings thereon when all costs thereof are paid by the party, and when such setting aside works no wrong to the substantial equitable rights of the adverse party.

### *Error from Sedgwick District Court.*

THE facts appear in the opinion, and in the case of *Jenkins v. Green*, 22 Kas. 562. At the May Term, 1880, of the district court, *Green* and two others, as plaintiffs, had judgment against *Jenkins*, defendant, who brings the case here.

*Guthrie & Brown*, and *G. H. English*, for plaintiff in error.

*Sluss & Hatton*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This case was before this court under the above title, and was decided at the July term, 1879, (22 Kas. 562.)

The error complained of was in the application of the surplus proceeds arising from the sale of real estate sold upon execution. The sale had been confirmed on application of both plaintiffs and defendant. The court allowed the surplus to be applied to the payment of a certain mortgage upon the real estate. The defendant Jenkins prosecuted his petition in error in this court, and that order of the court below was reversed. The plaintiff in error (defendant in the court below) moved the district court to spread the mandate of this court on its record, and to enter an order that the sheriff pay to him the surplus proceeds, in accordance with the opinion of this court. The plaintiffs below (defendants in error here) interposed a motion for leave to file a motion to withdraw their motion for confirmation of said sale, and to move the

court to set aside said order of confirmation. The defendant below (plaintiff here) objected to the filing or hearing of said motion, for the reason that the motion had already been adjudicated at the instance of both plaintiffs and defendant. Defendant's objections were overruled, and he excepted, and the said motion was filed and taken up for hearing, and the grounds of said motion were alleged to be: "That at the time of the levy of the executions under which the said sale was made, the defendant, W. S. Jenkins, was a non-resident of the state of Kansas, and no service of summons or other process could be had upon him in this state; that at the time of the levy of said executions and of said sale, and ever since then, there was and is existing in full force and unsatisfied a mortgage upon said property by the defendant, Jenkins and his wife, to secure the sum of $1,500; that after said levy the property was appraised at its real value, without regard to the existence of the mortgage; that before and at the time of said sale, the plaintiffs were informed and believed that it had been decided by the district court, that where mortgaged property was levied on under execution, and appraised and sold at and for its real value, the court had the power to order the application of the proceeds of such sale to the extinguishment of the mortgage incumbrance; that the supreme court had not yet decided that this is not the law; that the plaintiffs caused said levy to be made, and made said purchase, and entered said motion for confirmation, relying on the fact that such decisions had been made, and that such would be the practice; that under the decision of the supreme court made in this action since said sale, and since said motion for confirmation, it has been established to be the law of this state, that the proceedings of the sheriff in making such sale were irregular and illegal, and this court had and has no power in cases of this character to order the application of the proceeds of sale to be applied to the extinguishment of prior incumbrances; that at the time of said levy, and at the time of said sale, and at the time of the filing of said

motion, and at this time, the said property was and is worth no more than fifteen hundred dollars."

The motion of the defendants in error (plaintiffs below) came on to be heard, and plaintiffs offered in evidence certain affidavits, to which the defendant below (plaintiff here) objected. His objections were overruled, and he excepted.

The court thereupon allowed said motion for confirmation to be withdrawn, and the defendant excepted, and the court then vacated and set aside the order confirming said sale, and defendant excepted. The court then set aside said sale, "because said sale was contrary to the statutes in such case made and provided," and defendant again excepted. The court overruled the motion of defendant for the payment to him of the surplus proceeds, and he again excepted, and brings the rulings of the district court again before this court for review.

We do not think the absence of the defendant from the state cuts any figure in the case. We do not think the power of the court under § 481 and following of the code is defeated by the failure of defendant to appear in response to the order. The question of his interest may be determined, although he fails to appear to the order served upon him.

The real question, stripped of all extrinsic matter, is this: When a party applies to and obtains from a court its process, under a mistaken notion of the effect of such process and the proceedings under it, under what circumstances and upon what conditions may he obtain a revocation of that process, and a setting aside of the proceedings? We think two things must concur: first, he should pay all the costs of such process and proceedings; and second, such revocation and setting aside should not work wrong and injustice to the substantial equitable rights of the adverse party. Upon these two conditions we think a court may properly entertain such a motion, and that, although it may in the first instance have sustained the process and confirmed the proceedings. This last element calls for consideration at our hands in the present case. Are the substantial equitable rights of the defendant, plaintiff

in error, prejudiced by the setting aside of the proceedings? We think not. He held the legal title to certain real property; that property was incumbered by a mortgage. His interest therein, thus burdened, was all that was in fact available for the discharge of this judgment debt. The value of that interest was all that in equity he could claim should be applied in discharge of the judgment. There is no equity in compelling the judgment creditor to pay his mortgage debt. To compel that, would make the processes of the law instruments of injustice. And the aim of the law, and all proceedings under it, is equal and substantial justice. While regularity of proceeding is in the long run essential to justice, yet a court has and must have a supervising control of its process, to prevent, in exceptional cases, the abuse of that process, to the accomplishment of wrong and injustice. Now, to insist that the plaintiffs must abide by their mistake is to enforce the process to the success of injustice. To relieve a party of his mistake is simple justice. The defendant is in no worse condition than if the mistake had not been made. His real interest in the land may still be appropriated to the payment of the judgment debt, and that is all that in equity he ought to ask; and we think a court has such control of its process that it may prevent its use for injustice, and that, notwithstanding any mistake of the party seeking such process. It follows, therefore, that in the main the court did not err in setting aside the sale or proceedings under the execution.

As to costs, it appears that the court taxed the costs of the sale to plaintiffs. We do not think this was enough. It would seem right that all costs of the execution and sale and subsequent motions concerning the sale should be paid by them. In other words, that the parties should, in the matter of costs, be put back into the position in which they were at the time the execution was sued out. To that extent the order of the district court will be modified; otherwise it will be affirmed. The costs of this court will be divided.

All the Justices concurring.