JOHN CONROY v. D. W. C. PERRY.

1. MECHANICS' LIEN; *Statement, Unduly Filed.* A statement for a mechanics' lien filed four months before the completion of the building or improvement is not filed within the time prescribed by statute, and is not sufficient to create a lien.

2. ――――― One who claims a right given solely by statute must bring himself fairly within the terms of the statute.

*Error from Labette District Court.*

ACTION by *Conroy* against *Perry*, to foreclose a mechanics' lien. The facts appear in the opinion in *Perry v. Conroy,* 22 Kas. 717, *et seq.*, and in the opinion, *infra.* At the November Term, 1880, the court sustained defendant's demurrer to the plaintiff's amended and supplemental petition, and rendered judgment for costs against *Conroy,* who brings the case here.

*A. H. Ayres,* for plaintiff in error.

*Cory & Simons,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case has been to this court once before, and is reported in 22 Kas. 716. At that time a judgment enforcing a mechanics' lien was reversed, and the case was remanded with instructions to render judgment for costs in favor of the defendant. Thereafter, as appears from the record now before us, leave was given to file a supplemental petition. The same was filed, and then a demurrer thereto was sustained, and from that ruling plaintiff brings error.

The difficulty we have in determining this case is more from what the record omits than from what it contains. It is true that the mandate issued from this court directed a judgment upon the findings in favor of defendant, but we have heretofore held that such mandate does not compel a mere technical, blind and literal following thereof. It means simply that upon the facts as thus stated, such a judgment ought to be entered, leaving full discretion to the district court to act upon any new facts presented, and to act thereon as justice and equity may require. The idea that because this court upon certain facts has directed the entry of a specific judgment, the district court is therefore concluded from acting upon further facts presented, is absurd. The mandate of this court calls for no mere blind submission, but for an intelligent obedience thereof (*Jenkins v. Green,* 24 Kas. 493); and in all the history of this court it has never had occasion to call in question the fidelity of the various district courts to its mandates. That a district court, after a case has been reversed in this court and remanded with instructions to enter a specific judgment, may, upon a new and different presentation of facts, give rights to either party and proceed to inquiry and judgment thereon, we do not doubt. The difficulty in the case before us in respect to this question is, that the record contains no showing of additional facts to justify the court's action; still, as the record does not purport to contain all the proceedings in the district court, we must assume that some satisfactory showing was made, and therefore overrule the objection to the court's action in this respect. The high character of the learned court before whom these proceedings were had would justify, if the rule of law did not compel, this presumption. We pass, therefore, to the questions presented in the record as it now stands before us, and upon the original and supplemental petitions taken by themselves alone we think the ruling of the district court sustaining the demurrer was rightfully sustained. A single question may be considered. The allegation is, that the building on the premises on which the lien was sought was

completed on the first of January, 1877, and that the statement for a lien was filed on the fifteenth of August, 1876. The question then is fairly presented whether a statement for a mechanics' lien can be filed many months before the completion of the building. This question must answered in the negative, as was done by the district court. The mechanics'-lien law requires that a statement for a lien "shall be filed within four months after the completion of the building." (Code, § 632.) The same code, § 722, provides that "the time within which an act is to be done, shall be computed by excluding the first day and including the last." Obviously, if the statutory rule controls, the statement was not filed at the proper time; it was not filed after the completion of the building, but over four months before. To avoid this, counsel for plaintiff in error argues that the purpose of the statute is simply to fix the termination, and not the commencement of time within which the statement is to be filed; and secondly, that the mechanics'-lien law is placed within the limits of the code in order that its provisions may be brought within the rule of the code and be liberally construed to promote its object, and that therefore, as the defendant could not be prejudiced by a premature filing, such premature filing cannot be considered a substantial defect. Neither of these claims can, we think, be sustained. The mechanics'-lien law is in derogation of ordinary proceedings. It is a statute providing for a lien in the absence of any personal contract therefor; and therefore he who would secure a lien under such statute must bring himself fairly within its provisions. (*Perry v. Conroy*, 22 Kas. 722.) In this case, if the parties to the original contract had intended that any lien should be cast upon the premises, they could easily have done so by a written instrument duly recorded. Obviously no thought of a lien entered into the minds of the parties at that time; they contemplated only a personal liability. Owing to the changes of the future that personal liability became of little value, and then the plaintiff sought to acquire that which he could have obtained in the first instance by a contract, and that is

the general truth in reference to all mechanics' liens; the
necessity therefor can be obviated by contract, and if parties
fail to make suitable contracts, they have no cause of com-
plaint if they fail to proceed according to the very provisions
of the statute. Justice to the owner requires that statutory
provisions be observed, for if he may not govern himself by
the provisions of the statute, how can he guard himself against
unknown and unexpected liabilities? No sale or purchase
could be made with such indefinite and unknown liabilities
of lien. As the lien claimant must rest upon the statute, the
lot-owner or purchaser may also fairly rest upon the statute;
and when that statute says that an act must be done within
certain times, unless that act is done within such times the
owner and purchaser ought to be free to deal with the prop-
erty discharged of all liabilities of lien. While the lien law,
like other provisions of the code, is to be construed liberally
and in the interests of justice, so that if there be a doubt as
to the day of the completion of the building, the doubt is to
be resolved in favor of the lien claimant, yet such liberal con-
struction does not permit that the terms of the statute itself
be disregarded; and when the petition affirmatively discloses
that the lien statement was filed nearly five months before the
completion of the building, it does not disclose a valid lien.
There is no chance under such an allegation for determining
when the building was completed, or construing any act or
admission of the defendant as a completion within the provi-
sions of the statute. Upon the face of the petition it is dis-
closed affirmatively that the statement for a lien was filed nearly
five months before the building was completed Such is not .
the language of the statute, and the time is so great that there
is no chance for applying the maxim, *De minimis non curat
lex*. Hence it comes down to the simple question whether a
party may assert a lien under the statute by filing his state-
ment long before the time named in the statute. The lan-
guage of the statute does not authorize it. The court can
make no law and can give no lien except as prescribed by

statute.   The ruling of the district court was therefore cor-
rect, and must be affirmed.  (*Shellabarger v. Bishop*, 14 Kas.
432.)

All the Justices concurring.