### A. J. HIGLEY *et al.* v. FRANK RINGLE *et al.*

#### No. 8764.

1. MECHANIC'S LIEN — *persons contracting directly with owner, original contractors.* Where a hotel was erected as a single project, and the owner contracted with several persons for labor and material which were used in the construction of the building, such persons will be regarded as original contractors, and, under the Mechanic's Lien Law of 1872, the time for filing their lien statements is reckoned from the completion of the building.

2. ——— *time for filing — law changed before prior law permitted filing, lienor has reasonable time after new law takes effect.* Some time after the labor and material were furnished, but before the completion of the building, the Mechanic's Lien Law of 1889, which took effect March 1 of that year, was enacted, and it provides that lien statements shall be filed within four months after the date upon which the material was last furnished or labor

Opinion of the Court.

last performed. *Held*, that, as the right to file the lien state-ments had not accrued when the law of 1889 went into operation, the claimants were entitled to a reasonable time after the passage of that law within which to file such statements; and such reasonable time cannot be extended beyond the statutory limitation of four months.

3. —————— *promissory note in lieu of statement, law permissive only.* The provision authorizing the filing of a promissory note taken by a lien claimant in lieu of an itemized statement is per-missive rather than compulsory, and the filing of an itemized statement even where a note has been taken will be deemed to be a substantial compliance with the law.

4. —————— *statement filed prematurely under old law and before new law in force, ineffectual.* One of the claimants filed a lien statement before the building was completed or the law of 1889 had taken effect. *Held*, that it was prematurely filed and was not sufficient to create a lien.

5. —————— *record clearly showing lien claimed on entire prem-ises, finding that it was claimed on part only not controlling.* A finding of the Court that one of the parties claimed a lien only upon two of the three lots upon which the building was erected will not be deemed to be controlling where it appears from the record, beyond any doubt, that a lien was claimed upon the entire premises.

*Error from Reno District Court.*

*Hon. L. Houk, Judge.*

MODIFIED.                          OPINION FILED JULY 11, 1896.

*Fuller & Whitcomb*, and *Whiteside & Gleason*, for plaintiff in error, The Kansas Loan & Trust Company, Trustee.

*R. A. Campbell*, for defendants in error, Lacey & Fix.

*F. F. Prigg*, for defendant in error, The Hutchin-son Hardware Company.

*McKinstry & Fairchild*, for defendants in error, George W. Hardy, Emerson Carey, F. A. Drew Glass Company, Carey, Beers & Lee, and J. M. Adams.

JOHNSTON, J.   On April 16, 1888, J. A. Rexroad was the owner of lots 1, 3 and 5 on Second Avenue,

East, in the city of Hutchinson, except 61 feet off the
south end of lot 5. He began the erection of a three-
story hotel building on these lots, known first as the
"New Howard House," and afterward as the "Bruns-
wick Hotel." He employed no architect, but, being
himself a builder, he had in mind a general plan, sub-
ject, however, to changes from time to time. No gen-
eral contract was made by him for the entire work,
but he did part of the work himself and entered into
contracts with others for labor and material for speci-
fied portions of the work. On the 2d day of July, he
borrowed from the Kansas Loan & Trust Company
$20,000, and secured the payment of the same by a
mortgage upon the real estate. On the same day he
executed another note to the Kansas Loan & Trust
Company for $3,000, and secured the payment of the
same by a mortgage upon the same property. The
hotel building was substantially completed on March
31, 1889, and, on June 11, 1889, Rexroad executed a
conveyance of the premises to A. J. Higley and G. W.
Carpenter, subject to certain incumbrances against
the property.

Frank Ringle, who performed labor on the building
and who had filed a statement for a mechanic's lien,
brought an action in the District Court against Rex-
road and others to foreclose his mechanic's lien, and
numerous lien claimants were made parties defend-
ant, who appeared and set up their respective claims.
A trial was had in December, 1891, and the principal
controversy was between the mortgagees and those
claiming liens for material and labor furnished during
the construction of the hotel. It was adjudged that
a large number of those who had furnished labor and
material had concurrent first liens. A number of the
claimants who had furnished labor and material were

denied a lien because the lien statements were held not to have been filed in good time. M. Wohlfort was adjudged to have a second lien under a judgment in his favor against Rexroad rendered April 10, 1889, for $27. The Kansas Loan and Trust Company was adjudged to have a third lien for the sum of $20,000, inferior only to the mechanic's liens adjudged to be valid and the judgment lien of Wohlfort. The Kansas Loan & Trust Company contends that the Court erred in holding that several of the mechanic's liens were superior to the mortgage lien of the Company, and also in adjudging that the judgment lien of Wohlfort was superior to its mortgage lien.

J. M. Adams, who furnished labor, and the F. A. Drew Glass Company; which furnished material, and whose liens were disallowed, have filed cross-petitions in error and insist that they are entitled to first liens upon the premises concurrent with those which were allowed.

The objections mainly urged against the validity of the liens allowed are that the statements of the claimants for liens were not filed at proper times. The lien claimants, having dealt directly with Rexroad, the owner of the premises, are to be regarded as original contractors; and the building of the hotel, toward which they all contributed, must be treated as a single plan and project, and not as being made up from several distinct and independent plans and contracts. Under the Mechanic's Lien Law of 1872, which continued in force until March 1, 1889, the time for filing lien statements by such claimants was reckoned from the completion of the building. It provided that the statements should be filed within four months after the completion of the building (§ 3, ch. 141,

1. Persons contracting directly with owner are original contractors.

Laws 1872) ; while the later act provides that the statements shall be filed within four months after the date upon which material was last furnished or labor last performed under contract with the owner. § 2, ch. 168, Laws 1889. The law of 1889 became operative upon March 1 of that year, which was 30 days before the completion of the hotel, and before any of the claimants had the right to file lien statements. It is settled that the right to liens accrued under the act of 1872, but the procedure for enforcing them, including the filing of the lien statements, is governed by the act of 1889. *Nixon v. Cydon Lodge,* 56 Kan. 298 ; *Hotel Co. v. Hardware Co.,* 56 id. 448. As the law was changed a long time after the material was furnished or work performed by the claimants, but before the building was actually completed, and before any of the claimants were entitled to file lien statements, the question arises, whether those filed more than four months after the material was furnished and work performed, are in good time.

It is evident that the Legislature did not intend to take from lien claimants any existing rights or to hamper them in the enforcement of the same. Under the law of 1872, lien statements might be
2. Where law is changed before prior law permitted filing, lienor has reasonable time for filing. filed within four months after the right to file them accrued, and under the law of 1889 they are to be filed within four months after the right to file accrues. If no change had been made in the law, the lien claimants before us would have had more than four months after March 1, 1889, in which to protect their liens by the filing of statements, and in the absence of a specific provision regulating the time of filing statements of those whose rights had already accrued before the change of law was made, it must be held that they

were entitled to a reasonable time after the new act took effect within which to comply with its provisions. It is not necessary to determine what would be a reasonable time in every case, but by analogy it cannot be extended beyond the statutory limitation — that is, four months after the act took effect. *A. T. & S. F. Rld. Co. v. Burlingame Township*, 36 Kan. 628 ; *Bauserman v. Charlott*, 46 id. 480 ; s. c., 50 id. 794 ; *Rork v. Comm'rs Douglas Co.*, 46 id. 175 ; *Comm'rs Graham Co. v. Van Slyck*, 52 id. 622 ; *Plow Co. v. Witnam*, 52 id. 185 ; *Groesbeck v. Barger*, 1 Kan. App. 61 ; *Brick Co. v. National Bank*, 2 id. 704.

Applying these rules to the claims against which objections are made it appears that G. W. Hardy, whose lien to the extent of $1,868.21 was allowed, is entitled to have the same enforced. His statement for a lien was filed on May 17, 1889, two months and 17 days after the new law came into force, which is deemed not to be an unreasonable time. Although the bricks used in the erection of the building were manufactured by another, the testimony sufficiently shows that they were furnished by Hardy under a contract with the owner, and he was therefore entitled to enforce a lien against the premises. The objection that the lien is defective because the promissory note taken by Hardy from the owner was not filed with the claim of lien cannot be sustained. The statute relieves the claimant from the burden of filing an itemized statement of the labor or material furnished where a note has been taken, but it is permissive rather than compulsory. The statement filed was properly itemized, and the claim that the note had been transferred to another is not sustained by the testimony.

3. Law authorizing filing of promissory note instead of statement is permissive only.

The claim of Lacey & Fix, amounting to $414.47, was improperly allowed as a lien, as their lien statement was prematurely filed. It was filed on February 20, 1889, while the law of 1872 was in force, and before the building was completed. The right to file a lien had not then accrued, and no statement was filed after the law of 1889 took effect, nor were any effective steps taken to preserve their lien under either law. A statement filed before the time named in the statute is not sufficient to create a lien. *Conroy v. Perry,* 26 Kan. 472.

4. Statement prematurely filed is ineffectual.

An objection is made to the lien allowed in favor of the Hutchinson Hardware Company, on the ground that it was not claimed nor yet allowed upon the whole of the real estate upon which the hotel was erected. The hotel, as we have seen, was built upon lots 1, 3 and a part of lot 5. In most of the cases liens were claimed upon lot 5, except 61 feet off the south end of the same. The Hutchinson Hardware Company claimed a lien on lots 1, 3 and 140 feet off the north end of lot 5. The Court, however, finds that the Company claimed a lien on lots 1 and 3 only, but this may have been inadvertently done, as it clearly appears that a lien was claimed on the north end of lot 5, and besides, the record contains a stipulation to the effect that all the lien claimants claim liens on lots 1, 3, and 5, less the rear 61 feet of lot 5, and as to that 61 feet they all agreed that no claim to the same should be made; and the final judgment of the Court seems to follow the stipulation. The finding of the Court heretofore referred to, therefore, is not sustained by the testimony; which all shows that

5. Finding of court that a lien is claimed on part is not controlling over statements of the record.

the Hutchinson Hardware Company is entitled to a lien upon the entire premises.

An error appears to have been committed in giving the Wohlfort judgment priority over the mortgage liens. The judgment was rendered on April 10, 1889, long after the execution and recording of the mortgages, and we find nothing in the record showing that a lien in favor of Wohlfort attached to the premises before the rendition of the judgment.

The cross-petitioners, J. M. Adams and the F. A. Drew Glass Company, were entitled to the liens which they claimed. J. M. Adams commenced work upon the building September 6, 1888, and continued until October 20, 1888. He filed a lien statement on May 23, 1889, which appears to be in proper form, and under the rule established is entitled to a first lien upon the premises, concurrent with those which were allowed by the Court. The F. A. Drew Glass Company furnished material to the value of $345 during the month of November, 1888, and they filed their lien statement on May 24, 1889, which appears to be in substantial compliance with the statute, and entitles them to a first lien upon the premises, concurrent with the others which were allowed.

There were several other claims contested in the trial court, but those that have been mentioned are the only ones to which reference is made in the printed briefs and argument, and no others will be considered here.

The judgment will be modified by striking out and disallowing the lien adjudged in favor of Lacey & Fix, also by making the judgment lien of M. Wohlfort subordinate and inferior to the mortgage liens. It will also be modified to the extent of allowing the Hutchinson Hardware Company a lien upon the entire

premises, as well as the allowance of the liens claimed by J. M. Adams and the F. A. Drew Glass Company.

The judgment, when so modified, will be affirmed.

All the Justices concurring.