GEORGE V. CLARK v. E. F. ANDERSON.[1]

January 9, 1903.

Nos. 13,165—(189).

## Mechanic's Lien.

Under Laws 1899, c. 277, the right to perfect a lien for labor or material furnished in the construction of a building under contract with the owner does not accrue until the expiration of the time therein fixed within which the owner may demand of the contractor a verified statement of the amounts due from him to laborers or materialmen under him, and a lien statement filed prior to that time is ineffectual and invalid.

## Lien Statement.

The fact that there are no laborers or others to whom anything is due from the contractor for work upon or material used in the construction of the building does not suspend the operation of the statute. If there be none such, a verified statement accordingly will be a sufficient compliance with the statute.

Action in the district court for Morrison county to foreclose a mechanic's lien. The case was tried before a referee, who found in favor of plaintiff. From a judgment entered pursuant to the report and findings of the referee, defendant appealed. Reversed.

*Bergheim & Cameron,* for appellant.

*Sheldon* and *E. P. Adams,* for respondent.

BROWN, J.

Action to foreclose a mechanic's lien, tried below before a referee, who ordered judgment for the plaintiff; and defendant appealed therefrom.

The facts are as follows: Defendant was engaged in the construction of a building upon land owned by him, and employed plaintiff to perform certain labor upon its foundation. Plaintiff commenced work under this employment on September 4, and finished on the 16th of the same month. On the 24th he perfected a lien upon the property by filing the proper lien statement in the office of the register of deeds, and on the next day commenced

[1] Reported in 92 N. W. 964.

this action to foreclose the same. The only question presented for our consideration in respect to the merits of the case is whether, under Laws 1899, c. 277, plaintiff's lien was prematurely filed. The preliminary objection by respondent that the appeal was taken from the findings and decision of the referee is held not well taken. A fair construction of the notice of appeal, though inaccurate as to the date of the judgment, and otherwise informal, leads to the conclusion that the defendant intended to appeal from the judgment, and not from the decision of the referee, and is sufficient. So we turn our attention to the merits of the case.

The act of the legislature just referred to provides, in substance and effect, that every person who shall perform any work or furnish any material for the erection or construction of a building by virtue of a contract with the owner thereof shall, if demanded in writing by the owner, furnish a verified statement of all amounts due from him for labor performed or material furnished under him, which might, if not paid, become liens upon the property, giving the names and places of residence of each person to whom the same is due; and, further, that

"No such contractor shall be entitled to file any statement or lien under such contract, nor to commence any action for the recovery of the amount due him on account of any such contract, or any part thereof, until ten days after such statement had been furnished, * * * provided, that such statement is demanded on or before fifteen days after date of completion of contract or delivery of materials."

The purpose of this statute is plain and obvious, and is to protect the owner of a building being constructed by him from liens of subcontractors. It operates to postpone the time within which a contractor may perfect a lien upon a building on which he may have bestowed labor, or for which he may have furnished material, to fifteen days from the time the labor was performed or the material furnished. The owner of the building is given that time within which to demand of the contractor a statement of the names of laborers or those who may have furnished material under him, and the amounts due them, respectively, and prior to the expiration of that time the contractor has no right to perfect a lien.

The statute is one of limitation, and its operation is not suspended by the fact there are no laborers or materialmen with lienable claims. The owner is given fifteen days within which to demand the verified list, and, if there are none, the contractor may comply with the statute by making a verified statement to that effect. A lien statement thus prematurely filed is ineffectual and unenforceable. 20 Am. & Eng. Enc. (2d Ed.) 390; Higley v. Ringle, 57 Kan. 222, 45 Pac. 619; Conroy v. Perry, 26 Kan. 472.

It follows, therefore, that as plaintiff was not entitled, under the statute above cited, to file his lien statement at the time it was filed, it created no lien, and judgment should have been for defendant.

The judgment appealed from must therefore be reversed.