GENERAL FIRE EXTINGUISHER COMPANY *vs.* HEMAN W. CHAPLIN, trustee.

Middlesex.   March 3, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Mechanic's Lien.*

A mechanic's lien is a statutory right which can be preserved and enforced only by a strict compliance with the requirements of the statute.

Under an entire contract to construct and install in the respondent's buildings a fire extinguishing system of a specified kind for a stated price, a mechanic's lien cannot be established upon a sworn statement filed in the registry of deeds while the work was going on and about ten days before it was completed. Such a statement filed before the work is done or the debt is due does not fulfil the requirements of Pub. Sts. c. 191, § 6, (R. L. c. 197, § 6.)

PETITION, filed March 12, 1900, under Pub. Sts. c. 191, (R. L. c. 197,) to enforce a mechanic's lien for labor and materials furnished under a contract to construct and install a system of Dry and Wet Pipe Grinnell Automatic Sprinklers in the slaughtering, curing and packing houses of John P. Squire and Company in Cambridge and Somerville, for the price of $16,644 for the work specified.

In the Superior Court *Sheldon,* J. gave and refused various rulings, and found the lien to be established in the sum of $11,369.60, and interest. At the request of the parties, he reported the case for determination by this court.

If all the rulings and findings were right, judgment was to be entered for the petitioner. If there was error in the ruling that upon the findings of the judge the petition could be maintained, judgment was to be entered for the respondent. If the finding as to the cost or value of the work and materials after the filing

of the petitioner's certificate was not warranted by the evidence, or in any other event, such order was to be made as justice might require.

*J. Lowell & H. H. Darling*, for the petitioner.

*E. R. Thayer*, for the respondent.

KNOWLTON, C. J. This is a petition to enforce a mechanic's lien. We will assume in favor of the petitioner that the work and materials were used in the erection of a building, within the meaning of R. L. c. 197, § 1. They were furnished under an entire contract to construct and install in the respondent's buildings a fire extinguishing system of a specified kind for a stated price. The petitioner fully performed its contract, but about ten days before it was completed, while the work was going on, it filed in the registry of deeds the statement relied on in this case, claiming a lien for the contract price and for certain sums for extra work. At the time of filing the statement there were important particulars in which the job was incomplete, and the petitioner continued in the performance of its contract until the work was done, at an expense, after the filing, of more than $70. The principal question is whether a statement, filed before the work is done or a debt is due, answers the requirements of the statute. Under § 1 of the statute, it is only "a person to whom a debt is due" who can file a statement and establish a lien. By § 6 he is authorized to file his statement "within thirty days after he ceased to labor on or to furnish labor or materials for the building or structure." Is this provision to be construed as authorizing the filing of a statement before he ceases to labor or to furnish materials for the price of which he claims the money? The statement is to give an account of the amount due the claimant. This implies that it cannot be made until the debt is due. If a lien is claimed "for labor performed or furnished under an entire contract which includes both labor and materials at an entire price," it must give particulars which cannot be given correctly unless the work has been done and a debt has been created. Of course, if the indebtedness is established, the fact that by the terms of the contract it is not yet payable is immaterial.

Section 7 relieves the claimant from any injurious effect of an inaccuracy in stating "the amount due for labor or ma-

terials," unless he has "wilfully and knowingly claimed more than is due to him." The "just and true account of the amount due him, with all just credits," which is called for by § 6, cannot be given unless the claim has ripened into a debt due the claimant.

We are of opinion that these various provisions of the statute do not authorize the filing of a statement except when work and labor has been done under such circumstances as to create a debt which is due, and which is payable either then or at some future time. This is the construction which has been put upon similar statutes by the courts of several States. *Higley* v. *Ringle*, 57 Kans. 222. *Catlin* v. *Douglass*, 33 Fed. Rep. 569. *Roylance* v. *San Luis Hotel Co.* 74 Cal. 273. *Willamette Steam Mills Lumbering & Manuf. Co.* v. *Los Angeles College Co.* 94 Cal. 229, 237, 238. *Foushee* v. *Grigsby*, 12 Bush, 75, 79. Authors of text books adopt this view of the law. Boisot on Mechanics' Liens, § 470. Jones on Liens, § 1430. Phillips on Mechanics' Liens, (3d ed.) § 323 *a*. The cases which seem to hold differently are all, or nearly all, under statutes which require the filing within a stated time after an event, the happening of which has no important relation to any of the facts to be embodied in the certificate or statement. Such was *Young* v. *The Orpheus*, 119 Mass. 179. In these cases a perfect statement could be made as well before the event referred to as afterwards. But under this statute the statement required cannot be made until everything is done that is necessary to create the relation of debtor and creditor, and until all labor and materials have been furnished which enter into the debt for which the lien is claimed.

In the present case the only debt due the petitioner is the contract price, and certain incidental charges for extra work. That debt was not due until the contract was performed. The only sum for which the petitioner could have maintained an action of contract was this contract price, increased by these incidental charges. No statement has ever been filed properly covering this debt. The debt had not come into existence when the statement was filed. Nothing was then due, and it was not certain that anything would ever become due. If the petitioner had wilfully abandoned its contract at that time, intending to

break it without excuse, nothing could have been recovered by the plaintiff in any form of proceeding. The statement was prematurely filed, and was not in accordance with the statute.

The petitioner invokes the familiar doctrine that when one has in good faith attempted to perform a contract upon real estate and has substantially performed it, but through some mistake or misunderstanding has failed to perform it completely, he may recover upon a *quantum meruit* for his labor and materials their value, to be estimated at the rate fixed by the contract price. This principle has been applied to claims under this statute. *McCue* v. *Whitwell*, 156 Mass. 205. *Moore* v. *Dugan*, 179 Mass. 153. A similar principle is applicable whenever a petitioner has failed, without fault, fully to perform his contract, and is entitled to recover in an action at law upon a *quantum meruit.* *Moore* v. *Erickson*, 158 Mass. 71. *Pierce* v. *Cabot*, 159 Mass. 202. But the petitioner's difficulty in the present case is that the facts do not make this doctrine applicable. Nothing occurred which would enable the petitioner to recover upon a *quantum meruit.* It never left the work unfinished, contending in good faith that the contract had been performed, when in fact it had not been performed. It worked continuously until the work had been performed, and when it was first entitled to recover anything of the sum now claimed, the amount was the contract price, and, in an action at law, the recovery would have been upon the contract and not upon a *quantum meruit.*

Under the circumstances of this case, there can be no apportionment of the contract price, giving a lien for that part represented by work done before the filing of the statement, and no lien for that part represented by the work done afterwards. *Angier* v. *Bay State Distilling Co.* 178 Mass. 163.

A lien of this kind can be preserved and enforced only by a strict compliance with the requirements of the statute. There are no equities to be invoked in aid of it. *Gale* v. *Blaikie*, 129 Mass. 206, 209. *Whalen* v. *Collins*, 164 Mass. 146. *Angier* v. *Bay State Distilling Co.* 178 Mass. 163.

*Judgment for the respondent.*