In going over the different plats referred to in the statements of fact and comparing them with these plats, the court necessarily has had some difficulty in determining the question as to whether or not there is any gross inequality. But after a careful consideration of the figures found in the statements of fact, we have been unable to determine that the plaintiff is entitled to the relief prayed for.

Our opinion is, therefore, that the prayer of the petitions of the plaintiffs in both cases should be denied.

---

## BUILDING CONTRACTOR MUST FURNISH STATEMENT TO OWNER UNDER ALL CIRCUMSTANCES.

Common Pleas Court of Hamilton County.

PHINEAS S. PHILLIPS V. BRAHAM & COMPANY.

Decided, July 15; 1916.

*Liens—Statement Must be Furnished to Owner by Principal Contractor —Notwithstanding all Claims for Labor or Material Have Been Paid.*

The fact that there are no laborers or sub-contractors who have not been paid in full, and no claims for material or fixtures remain outstanding, does not relieve the original contractor from the duty of furnishing to the owner the statement under oath required by Section 8312 as amended, 105 O. L., p. 522.

*Shattuck & Hightower,* for the Williamson Heater Co.
*Bettinger, Schmitt & Kreis,* for the Grote Paint & Glass Co.
*Cobb, Howard & Bailey,* for the receiver.

GEOGHEGAN, J.

Heard on application of the Williamson Heating Company to enforce a mechanic's lien.

The only question presented here is whether or not under the provisions of Section 8312, General Code, as amended May 27,

1915 (105 Ohio Laws, page 522), it is necessary that the statement under oath required therein be made when there are no laborers who have not been paid in full by the contractor and there are no sub-contractors and no persons to whom anything is due for furnishing machinery, material and fuel.

In this case it appears from the evidence that the Williamson Heating Company furnished the heating system for a building; that the material was taken out of stock, and that the machanics who did the work both in the shop and on the premises were paid weekly wages. No statement was furnished, and counsel for the company claims that under the circumstances no statement is necessary.

What is now Section 8312, General Code, was originally passed April 8, 1913, and is part of an act entitled, "An act to create a lien in favor of contractors," etc., and is substantially the same as the Michigan act for the same purpose. In the construction of the Michigan act, the Supreme Court of that state held in *Sterner* v. *Haas*, 108 Michigan, 488, that a failure to comply with the requirement requiring a sworn statement is not excused by the fact that all material and labor had been paid for and that such statement had never been requested by the owner.

Therefore, it would seem that unless the amendment of Section 8312 contained in 105 Ohio Laws, page 522, can be considered as obviating the necessity of a statement under such circumstances, the construction put upon the act by the Supreme Court of Michigan should control here. The only change made in that section as far as the court has been able to determine after a careful examination, is that the amendment provides that the statement should show the name of every laborer in the employ of the contractor who had not been paid in full, whereas, the original section provided that the statement show the name of every laborer in the contractor's employ. The difference seems to be that the Legislature has by the passage of the amendment dispensed with the necessity of putting in the names of laborers who had been employed upon the work,

but who had been paid in full for their work. But this can not be said to obviate the necessity for the statement itself. The law is explicit in demanding a statement, and it would seem to be a matter of sound policy to hold, as was held in Michigan, that even though there be no laborers or others to whom anything is due from the contractor, the statement should be furnished so that the owner would have the benefit of the contractor's affidavit with reference to the matter.

This view is also supported by the case of *Clark* v. *Anderson,* 88 Minn., 200, wherein the court, construing the mechanic's lien law of that state in so far as it applies to the furnishing of a verified statement of the amounts due to laborers or material-men, said:

"The fact that there are no laborers or others to whom anything is due from the contractor for work upon or material used in the construction of the building, does not suspend the operation of the statute. If there be none such, a verified statement accordingly will be sufficient compliance with the statute."

Therefore, as the lien law is in derogation of the common law, and all rights under it are statutory and can not be extended beyond the provisions of the statute, it would seem that as a statement is provided for in the law, it should be furnished, even though it is negative in substance.

The lien, therefore, of the Williamson Heating Company will not be allowed.

With reference to the lien of the Grote Paint & Glass Company, I have already disposed of that matter from the bench, finding that the company had a valid lien.