(133 So. 254)

**WOFFORD BOND & MORTGAGE CO. v. ADAMS.**

6 Div. 736.

Supreme Court of Alabama.

March 26, 1931.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

London, Yancey & Brower, of Birmingham, for appellant.

SAYRE, J.

Appellee's bill sought to foreclose a materialman's lien on a house and lot the property of Rosa B. Powell. The Wofford Company, appellant, was made a party defendant, it being averred that it held a mortgage, inferior as a lien to appellee's lien under the statute, section 8832, Code. Appellee had a decree declaring its superiority to appellant's mortgage except as to some items of tax liens and street assessments discharged by the latter as to which there was no dispute, and it was decreed that appellant be subrogated to the prior liens and rights by which the taxes and street assessments in question had been secured. Otherwise appellee's lien under the statute was decreed to be superior to the lien of appellant's mortgage.

"Respondents" in their answer, May 2, 1930, represented to the court that appellee, complainant, had been adjudicated a bankrupt, and that no trustee or receiver had been appointed for his estate, and suggested that complainant had no authority to pro-

ceed further without an order from the federal court. In its amended answer appellant, defendant Wofford Company, suggested that pending the bill complainant Adams had been adjudicated a bankrupt, that his estate was in course of administration in the federal court, and that his alleged chose in action and claim of lien had passed by operation of law to his trustee, and hence that complainant had no right to further prosecute his suit. This suggestion was denied in and by the final decree.

The trustee or receiver appointed by the federal court had the option to decline to intervene in the state court if he deemed that course for the best interest of the estate and in that case he was bound by the decree rendered therein. 7 Corpus Juris, 147; Black on Bankruptcy, § 198, pp. 493–496. It follows that the proceeding in bankruptcy had no effect to deprive the state court of jurisdiction. Appellant cites Gayle v. Randall, 71 Ala. 469, decided in 1881 or 1882, as going to show that the cause in equity could not proceed without the presence of the trustee or receiver. In that case it was ruled that the assignee in bankruptcy, appointed before suit brought, had the exclusive right to assert by suit property rights vesting in the bankrupt under the Bankruptcy Law of 1867 (14 Stat. 517). That is not this case, and, in any event, the decisions of the federal courts under the statute now of force control.

■ Appellee furnished materials for the repair of an old house the property at the time of Rosa B. Powell. The contract for these materials was entered into May 2, 1927, and provided that "the entire amount of this order (the order for the materials) shall become due and payable thirty days from date of same, whether any part remains undelivered or not." This contract matured June 1, 1927. The last delivery made for improvements on the lot was of date August 1, 1927. Notice of lien filed in the office of the judge of probate December 7, 1927. Appellee's bill was filed January 14, 1928. Appellant's contention is that the time for filing notice of the lien should date from June 1, 1927. The statute, section 8832, creates a lien, among other things, for work done or material furnished—to speak broadly—for repairing any building or improvement on land, where (section 8836) the original contractor, "after the indebtedness has accrued," files his verified statement within six months. In this case appellant appears to base its contention that appellee did not have a lien which should have preference over its mortgage upon the fact that the original contract provided that "the entire amount of this order (the order for materials that went into the improvement of appellee's property) shall become due and payable net thirty days from date of same (May 2), whether any part remains undeliv-

ered or not," and at least, the suggestion is, some of the items were not within the contemplation of the parties when they entered into the contract of May 2, and were furnished after June 1. The judgment here is that the circumstances referred to do not have effect to deny a lien for the full amount of the purchase price of the materials furnished, even though some of them were delivered after June 1 and others of them were not contracted for until after that date, herein observing the rule stated in Dunham v. Sheffield Realty Co., 205 Ala. 449, 88 So. 562, where it was held that the party furnishing material for such repairs as are shown in this case has a lien, not only for the materials furnished under the original contract, but for other materials afterwards furnished for the improvement of the same property, provided there is no hiatus between the items furnished sufficient to permit, and therefore to require, the filing of a lien, on account of the presumption that the items belong to separate contracts. In the case here under consideration some few of the items—one at least—were thought of and furnished after June 1, but none of them as much as six months after. In other words, all the items were part and parcel of one scheme of improvement, and the judgment now is that the chancellor committed no error in decreeing a lien for the whole amount.

■■ Appellee took a mortgage, amounting at the date of the decree to $780, to secure the purchase price of the material to be furnished by him. The amount of this was paid, as we are able to understand the record, out of the sum secured by appellant's later mortgage, and appellee had a decree declaring a lien under the statute for the difference between the value of materials furnished by him and the amount of the mortgage to appellant. Appellant mortgagee, the Wofford Company, claims subrogation as against appellee to the amount of the mortgage for $780 paid by it to appellee. But that mortgage to secure in part the price of materials furnished was executed after the date of the contract for materials had been executed and after a part of the materials had been furnished; in other words, after appellee's lien for materials had attached. It is therefore inferior to appellee's lien under the statute. Nor, so far as we are informed, did appellee by accepting payments of his mortgage estop himself to claim the benefit of his lien for the balance of his account.

■ It is objected, now for the first time apparently, that two of the depositions offered in evidence by appellee were unsigned. Signing by the witnesses was waived by Mr. Powell who appeared at the time to be acting as attorney for Rosa B. Powell and as well for the other defendant, appellant. If he was not authorized to appear in that matter for

**530**

this appellant, the objection should have been made in the trial court.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.