142 So. 560

**SNELLINGS LUMBER CO. v. PORTER.**

**5 Div. 101.**

Supreme Court of Alabama.

June 9, 1932.

W. J. Bird and J. B. Hicks, both of Phenix City, for appellant.

Duke & Duke, of Opelika, for appellee.

THOMAS, J.

The demurrer to the bill as amended was sustained, and complainant was given an opportunity to amend. Failing to amend within the time extended by the decree, the cause was dismissed for want of prosecution and complainant was taxed with the costs.

From this final decree the appeal was prosecuted. De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265.

The bill was filed under section 8832 et seq. of the Code, to enforce a mechanic's and materialman's lien.

The demurrer contained the ground, among others, that the verified statement claiming the lien was prematurely filed, in that it was filed before, and not after, the indebtedness had accrued.

The averments of the bill as amended, in part, are as follows:

"1. That the said defendant, Wilburn Porter, is indebted to the complainant, Snellings Lumber Company, a corporation, as aforesaid, in the sum of $689.40, which indebtedness matured and became due and payable

from the defendant to complainant on or about April 15th, 1930, which said indebtedness arose from a verbal contract entered into by and between the complainant and defendant herein; whereby the complainant was to furnish defendant certain material to be used by the said defendant for the construction and improvement of a house located on the property of the said defendant, which said house is located on the property hereinafter described in paragraph three of complainant's bill of complaint. All of which said material was furnished in accordance with said contract and used by the said defendant in so improving and constructing said house on said property as herein described. * * *

"2. That the complainant did on · to-wit, the 11th day of January, 1930, record in the public records of Lee County, Alabama, notice of lien, which said notice was recorded in Book 1, Page 5, of Lien Record in said county, a copy of said notice is hereto attached and made a part of this bill of complaint, to which reference is prayed as often as need be. Said notice of lien being verified by the affidavit of a person having personal knowledge of the transaction between complainant and defendant," etc.

The notice exhibited is of date of January 8, 1930 and, among other averments, contains the following:

"That said lien is claimed to secure an indebtedness of $689.40 with interest from Oct. 8th, 1929, for lumber, brick, lime, cement, doors, windows, hardware, roofing, labor, etc.

"The name of the owner or proprietor is Wilburn Porter."

This notice was verified of date of January 8, 1930, and duly recorded in the office of the judge of probate, January 11, 1930.

■ The bill as amended and its exhibits constitute the pleading—one document aiding and illustrating the other. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90; Federal Automobile Ins. Ass'n v. Abrams, 217 Ala. 539, 117 So. 85.

The words of the statute on which the court sustained the demurrer are: "It shall be the duty of every · original contractor within six months, and of every journeyman and day laborer within thirty days, and every other person entitled to such lien within four months, *after the indebtedness has accrued*, to file in the office of the judge of probate," etc. (Italics supplied.) Section 8836, Code.

The word "accrued" was considered in Cutcliff v. McAnally, 88 Ala. 507, 7 So. 331; yet that statute contained the further words, ·"a just and true account of the demand due him." Code 1876, § 3444. It will be noted these words are not contained in section 8836, Code of 1923, the words employed in the present statute being, "containing the amount of the demand secured by the lien, after all just credits have been given," etc. This wording was adverted to in College Court Realty ·Co. v. J. C. Letcher Lumber Co., 201 Ala. 362, 78 So. 218, and it was there held that where the material was *sold on time to the owner* of the building, a lien could be filed within six months *of the expiration of the credit period contracted for, and by the owner*.

It will be noted, however, that the statute as amended was considered in Wilbourne v. Mann, 203 Ala. 26, 81 So. 816, 818, and the observation made that no ground of demurrer was based on the fact that the "bill did not allege that within the time required by statute after the indebtedness had accrued—the maturity of the entire indebtedness thereby secured—the written statement required by law was filed," etc., citing authorities and the case of Cutcliff v. McAnally, supra; and the statement there considered was filed after the indebtedness "accrued or matured"— "the maturity of the whole claim of complainants." This definition of accrual of claim and time when statement may be filed, was acquiesced in in Morris v. Bessemer Lumber Co., 217 Ala. ·441, 116 So. 528; Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276; Reeder v. Cox, 218 Ala. 182, 118 So. 338; Ingram v. Howard, 221 Ala. 328, 128 So. 893; Wofford Bond & Mortgage Co. v. Adams, 222 Ala. 527, 133 So. 254; Tallapoosa Lumber Co. v. Copeland, 223 Ala. 41, 134 So. 658, 75 A: L. R. 1325; Becker Roofing Co. v. Meharg, 223 Ala. 163, 134 So. 864.

■ It is clear from the averments of the amended bill that the indebtedness accrued or became due after the statement in question was filed in the probate office. This was not within the statute as construed by this court.

In discussing mechanics' liens and their enforcement, Corpus Juris says: "A lien claim, or statement filed before the time when the filing thereof is authorized by the statute, is ineffectual and unenforceable." 40 C. J. pp. 187, 189, subhead Premature Filing, §§ 218–221; 20 Am. & Eng. Enc. (2d Ed.) 390; Marchant v. Hayes, 120 Cal. 137, 52 P. 154; Baker v. Lake Land Canal, etc., 7 Cal. App. 482, 94 P. 773; Higley v. Ringle, 57 Kan. 222, 45 P. 619; Conroy. v. Perry, 26 Kan. 472; General Fire Extinguisher Co. 'v. Chaplin, 183 Mass. 375, 67 N. E. 321; Clark v. Anderson, 88 Minn. 200, 92 N. W. 964. The same construction was given in Gilbert v. Talladega Hardware Co., 195 Ala. 474, 70 So. 660; Long v. Pocahontas.Coal Co., 117 Ala. 587, 23 So. 526; Lane & Bodley Co. v. Jones, 79 Ala. 156; Montgomery Iron Works v. Dorman, 78 Ala. 218; Welch v. Porter & Co., 63 Ala. 225; Continental & Commercial Trust & Savings Bank v. North Platte Valley Irr. Co. (C. C. A.) 219 F. 438.

When the Legislature considered the matter of giving to the mechanic or materialman the extraordinary right of placing, without the debtor's consent, a lien upon the real property of the debtor, by way of the statutory lien provided in such matter, it was its intent to protect the debtor to the extent of saving him expense and embarrassment, by postponing the exercise of that right until within the time provided—after the claim had matured or "accrued."

A materialman's lien did not exist at common law, but being of statutory origin, its enforcement depends on a compliance in all substantial matters with the statutes. Gilbert v. Talladega Hardware Co., supra. This rule expressed generally is: "Where a lien provided for by statute is regarded as being in derogation of the common law, it is looked upon with jealousy, and the statutory provisions are strictly construed." 37 C. J. 309, subhead Construction.

The case of Levert v. Read, 54 Ala. 529, cited by appellant, is not analogous to the case at bar; neither is the principle there decided applicable. In the Levert Case, it was only a matter of filing a claim against an insolvent estate in the ordinary course of administration. There was nothing in it contrary to the common law, no extraordinary rights given to the creditor, and no creation of a lien in favor of the creditor on the property of the debtor without the debtor's consent. Therefore, a liberal construction was given the rule in favor of the creditor filing such a claim against such estate. In the case at bar—the filing and enforcing of a materialman's lien—the procedure and lien were derogatory of the common law; there were extraordinary rights taken from a debtor and given to a creditor of the class indicated—that of giving the extraordinary right of imposing a lien on the real property of the debtor without his consent or approval. This being the case, this court has decided that a materialman's lien, not existent at common law, but being entirely of statutory origin, its attachment and enforcement depend upon a compliance, in all substantial matters, with the provisions of the statute to which it owes its existence. Gilbert v. Talladega Hardware Co., 195 Ala. 474, 70 So. 660, and cases cited above.

The three grounds of demurrer 1, 2, and 3, therefore, are good, and were properly sustained.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.