ON REHEARING
HOLMES, Judge.
This court’s original opinion dated September 21, 1983, is withdrawn and the following is substituted therefore:
This is a case concerning a materialman’s lien.
Central Bank brought suit against the materialman, Patrick Lumber Company, Inc. (Patrick), to establish the priority of its mortgage over Patrick’s materialman’s lien. Patrick filed a counterclaim, alleging that its lien had priority and seeking judicial foreclosure according to the lien statutes.
From the pleadings and stipulations of the parties, the learned trial judge determined that Patrick’s lien was superior to the mortgage claimed by Central Bank. The trial court determined the amount of Patrick’s lien to be $5,404.88. Patrick appeals, contending that the trial court erred in refusing to award an attorney’s fee and 1½% interest per month on the unpaid balance as provided for in Patrick’s contract with the home owners, the Halls, or alternatively, interest at the legal rate. Central Bank appeals from the trial court’s determination of priorities. We affirm in part and reverse in part.
The record reveals the following:
Patrick Lumber Company entered into a contract with the Halls to furnish material for the construction of a house. The first materials were furnished on February 8, 1977, and Patrick continued to furnish materials until November 23, 1981.
On May 17, 1981, the Halls executed a mortgage to Central Bank. On February 12, 1982, Patrick filed a lien against the Halls’ land, buildings and improvements in the amount of $5,404.88. On May 25, 1982, Central Bank filed suit against the Halls to foreclose on the mortgage and against Patrick to establish the priority of the mortgage over the materialman’s lien.
The trial court held in pertinent part that Patrick’s lien was superior to Central Bank’s mortgage and awarded Patrick a judgment in the amount of $5,404.88.
The issues on appeal are whether the trial court erred in failing to award interest and attorney’s fees according to the contract between Patrick and the Halls, or alternatively, interest at the legal rate and whether the trial court erred in determining priorities.
Patrick alleges that its agreement with the Halls provided for a finance charge of 1-½% of the unpaid balance and an attorney’s fee of 15% of the unpaid debt in the event collection became necessary. Patrick now contends that it was error for the trial court to fail to award the finance charge and attorney’s fees as provided for in the terms of the agreement. We disagree.
The facts of this case were stipulated. There was no specific mention of interest or attorney’s fees other than in the written agreement between Patrick and the Halls referred to in the stipulations in the following manner: “2. That on Feb. 8, 1977, the said Charlotte Hall and David Hall entered into an agreement with Patrick Lumber Co. for the purchase of materials to be used in the construction for a house located upon said property. See Exhibit A.” Exhibit A *1102 is the contract. We do not believe that under the facts of this particular case the trial court can be placed in error for failure to award the interest and attorney’s fees when the only proof concerning such items is in the manner described hereinabove. To find error under these facts would be to, in effect, say that as a matter of law the trial court erred in failing to award the requested interest and attorney’s fees. This we are not prepared to do. Error committed below must be affirmatively demonstrated by the record before this court. Crowder v. Zoning Board of Adjustment, 406 So.2d 917 (Ala.Civ.App.1981). In the present case there was no evidence offered on this issue except as described above. Moreover, it appears to this court that the contract was stipulated to as evidence of the agreement between Patrick and the Halls in regard to the necessary elements of a materialman’s lien and not necessarily as proof of attorney’s fees and service charges. In any event, we do not believe that under these facts error has been affirmatively demonstrated. This is particularly true in view of the following:
Section 35-11-224, Ala.Code (1975), provides that once it has been determined that the plaintiff has a lien as claimed, “judgment shall be entered for the amount secured thereby, interest and costs.... ” Also, Crane v. Wilson, 288 Ala. 439, 261 So.2d 877 (1972), stands as authority for the awarding of interest on a materialman’s lien. Accordingly, we reverse the trial court’s action and award interest at the legal rate on Patrick’s judgment.
Lastly, Central Bank, through able counsel, contends that its mortgage should have priority over Patrick’s lien on any materials delivered after the mortgage was recorded. This contention is without merit.
Section 35-11-211, Ala.Code (1975), declares that materialman liens “shall have priority over all other liens, mortgages or encumbrances created subsequent to the commencement of work.... ” Central Bank relies upon a line of cases that hold that work commences according to the statute when the materials are delivered. See Gamble’s, Inc. v. Kansas City Title Ins. Co., 283 Ala. 409, 217 So.2d 923 (1969). Central Bank argues that in view of those cases, the materialman’s lien in the instant case did not accrue until such time as the materials were actually delivered to the construction site. Central Bank’s reliance is misplaced.
Here, the materials furnished could well have been determined to be part and parcel of one scheme of improvement and as such a lien for the full amount claimed in the verified statement is properly allowed. Wofford Bond & Mortgage Co. v. Adams, 222 Ala. 527, 133 So. 254 (1931).
This case is affirmed in part and reversed in part and remanded to the trial court in order that interest on Patrick’s judgment can be determined.
APPLICATION FOR REHEARING GRANTED.
OPINION SUBSTITUTED.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and BRADLEY, J., concur.